AUGUSTIN MACARTY *v.* THE NEW ORLEANS CANAL AND BANKING COMPANY and others.

The authority of an auctioneer to sell immoveables or slaves, and the conditions of the sale must be in writing. C. C. 2584. Parol evidence is inadmissible to prove the assent of the owner to conditions of sale proclaimed, at the time, by the auctioneer. C. C. 2415.

An auction sale of immoveables or slaves, not authorized or ratified by the owner in writing, is invalid, unless admitted by the party against whom it is sought to be enforced. C. C. 2255, 2256.

The written authority of the vendor is the best evidence of the terms and conditions of the sale of an immoveable or slave at auction. The *procès verbal* of the auctioneer is the next best.

In the absence of any allegation of fraud or error, parol evidence is inadmissible to prove conditions or stipulations beyond those contained in an authentic act of sale. C. C. 2256.

APPEAL from the District Court of the First District, *Buchanan*, J.

*J.* and *D. Seghers*, for the appellant.

*C. M. Conrad, Benjamin,* and *T. Slidell,* for the defendants.

SIMON, J. The plaintiff states, that on the first of May, 1833, he became the purchaser at public auction, being the highest bidder, of nine lots of ground situated in the parish of Jefferson, at the place called Carrollton, four of which lots were sold as fronting on Canal Avenue, which avenue, according to the plan, is the only outlet for the whole of the nine lots either to the river, or to the canal, and thence to the city. He represents, that by the conditions of the sale, the purchasers were to have the privilege of using the turnpike road along the canal from Carrollton to the city. That on the plan by which the sale was made, and which was exhibited at the time of said sale, there was pointed out a broad road marked as Canal Avenue, and running across Carrollton from the canal to the river. That, at that time, a gang of negroes were employed in clearing and opening the road. That it was announced and proclaimed by the vendors, at the sale, that the same would be finished and completed by them, but that a short time afterwards, the hands were withdrawn and the work abandoned, when in December following, it was again resumed, and carried to the length of twelve *arpens*, and again abandoned by the vendors.

He alleges that it was the intended easy communication with the city through the Canal Avenue, as held out to the bidders at the time of the sale, that induced him to bid for the lots; that accordingly he has improved said lots by erecting three large buildings thereon; that he enclosed and cleared the land, &c., without being able to derive any benefit therefrom, for want of an outlet; that, owing to this cause, he has lost 300 cords of wood, and has sustained other damages, which he estimates altogether at the sum of $4000 and upwards, besides the future damages which he is exposed to suffer till the road be made. He prays that the defendants, his vendors, may be decreed to finish and complete the road according to the plan, and that they be condemned to pay him $4000 damages.

The defendants filed separate answers, in which they all pleaded the general issue.

The case was tried before a jury, who found a verdict for the defendants, and judgment having been rendered thereon against the plaintiff, he took this appeal.

The only question which this case presents, grows out of a bill of exceptions contained in the record. This bill recites, that the plaintiff offered to introduce a witness to prove that when the Carrollton lots and squares were offered for sale at the Exchange, the auctioneers, by the directions of the vendors, who were present or represented, did publicly declare and proclaim, that the Canal Avenue laid down on the plan of Carrollton would be immediately made and completed, and that the sum of money necessary for that purpose was set aside to that effect. The bill states also, that the plaintiff next offered to introduce in evidence the original memorandum book of the auctioneer, in which the sale of the lots and squares is recorded, to show that the above mentioned promise was written in the said book immediately before the several adjudications, the other terms and conditions of the sale being annexed to the book in print, taken from the advertisements in the public papers. All this evidence was objected to by the defendants' counsel on divers grounds:

1st. Because the law requires written evidence of the authority from the vendors to the auctioneer to sell, and of the conditions of the sale.

2d. Because the best evidence of the terms and conditions on which a sale at auction was made, is the *procès verbal* of the auctioneer, which *procès verbal* is referred to in the sale from the defendants to the plaintiff, and can easily be obtained, and it is admitted, contains no such objection as the one, on the alleged breach of which this suit is founded.

3d. Because the evidence offered is against and beyond the contents of the authentic act of sale from the defendants to the plaintiff, already produced in evidence by the latter.

These objections were sustained by the judge, *a quo*, who rejected the evidence offered.

Before proceeding to the examination of the questions presented by the bill of exceptions, it is proper to remark, that the notorial act of sale of the lots purchased at auction by the plaintiff, contains none of the conditions by him declared upon in his petition, in relation to the making and completing of the Canal Avenue by the vendors at their own expense. The avenue is not even alluded to in the sale, except that it is pointed out as one of the boundaries of four of the lots, and that it is stipulated that the proprietors of squares, and occupants of the premises, shall have the privilege of passing and repassing over the turnpike road to be constructed along the canal, &c. The *procès verbal* of the adjudications is also referred to in the sale, with the conditions therein contained ; and the plan mentioned in the petition as exhibiting the location and extent of the avenue, was not produced in evidence, and is not found in the record.

I. With regard to sales at auction of immoveable property and slaves, it cannot be doubted that the authority which is to be given by the vendors to the auctioneer, must be *in writing*, and that the conditions under which such sales are to be made, must also be in writing. Art. 2584 of the Civil Code says, in positive terms, that the auctioneer must proclaim the conditions in a loud and audible voice, after having received them *in writing*, from the seller ; and in the case of *Pew* v. *Livaudais*, 3 La. 460, this court held that, as arts. 2255 and 2256 of the Code, require the assent of the parties to a sale of real estate to be written, unless the party against whom the sale is sought to be enforced admits it, no validity in an auction sale of real property can be recognized,

the owner of which did not authorize or assent to it in writing. Here, it is admitted, that the *procès verbal* of adjudication by the auctioneer, contains no condition such as the one alluded to in the petition ; and if any such was proclaimed by the auctioneer on the day of sale, it must be shown that this was done under the written authority of the vendors, as no parol evidence can be received to prove their assent thereto. Civil Code, art. 2415.

II. This ground was also properly sustained. It is clear that secondary evidence cannot be admitted, when it is shown that better evidence exists ; and the best evidence of the terms and conditions on which a sale at auction has been made, is first, the written authority of the seller, and second, the *procès verbal* of the auctioneer. In this case, the *procès verbal* is referred to in the notarial act of sale; it is shown that it can be obtained, if necessary ; and if the plaintiff has not thought proper to produce it, it is because it does not contain any of the conditions on the non-compliance with which he has based his action. This cannot be supplied by the memorandum book of the auctioneer unless it be under the handwriting of the vendors, which the plaintiff does not pretend to be the case. The proof offered is not better than parol evidence.

III. The object of the evidence sought to be introduced, is to prove conditions and stipulations beyond those contained in the sale from the defendants to the plaintiff. The petition contains no allegation of fraud or error ; and there is no rule better known, than that parol evidence cannot be admitted against or beyond what is contained in a written act, or to prove what may have been said before, at the time of, or since making the said act. Civil Code, art. 2256.

On the merits, we have not discovered any reason why the verdict of the jury should be disturbed, as the plaintiff has furnished no legal proof of his allegations.

*Judgment affirmed.*