By the Court, Robertson, Ch. J.
There can be no doubt that parties have a remedy for a court’s proceeding with a trial, notwithstanding proper cause is shown for its postponement, when it is not a matter of discretion. That is fully established by the cases- cited on the argument, (Ogden v. Payne, *512 5 Cowen 15; Hooker v. Rogers, 6 id. 577; Hall v. Dwinell, 10 Wend. 628,) and cases therein referred to. The remedy adopted, which those cases sanctioned, was a motion to set aside an inquest, and even a hostile verdict where the party applying had appeared and defended. The fact that the appearance of the party making the application on the trial did not take away his right to move to set aside the verdict, is conclusive that the court did not consider the application to postpone, one proceeding, and the trial, another subsequent separate one. For, a mere refusal to postpone produced no injury, unless the trial was proceeded with. If proceeding with such trial were the necessary result and consequence of such refusal, and of that alone, appearing and defending the case would he clearly a waiver of any right growing out of such refusal. The applicant could not have a double chance, by apparently submitting to such order and availing himself of any defense on the trial, and then appealing from it.- If the refusal to postpone could be converted into an appealable order, and such subsequent appearance on the trial was not a waiter of the appeal, the applicant, although entirely successful on the trial, might still raise the mere moot question not affecting his rights at all, whether such order was properly granted. But such motion in the cas^s cited was, in fact, made and granted upon the score of irregularity in proceeding with the trial, after just cause had been shown against so doing, as much so as if the trial had gone on against the wish of a party before eleven jurors, the twelfth having in the course of it been disabled from sitting. The trial itself could certainly not be rendered irregular, if the motion to postpone constituted no part of it, but was a prior separate proceeding. And such motion certainly could not be both part of the proceedings on the trial and not so at the same time, nor could it be whichever the applicant chose. Moreover, a reversal of the quasi order, if it could be made, would not per se affect the trial or its result. A second motion would still be necessary to get rid of them. Before the passage' of the Code, therefore, the entering the *513 decision of the court in refusing to postpone a trial as a separate proceeding was not permitted, as it would lead to increased litigation, multiplication of remedies and unnecessary expense.
It remains to be seen whether the remedy of an appeal from a refusal to postpone a trial, entered as an order, has been added by the Code to that of moving to set aside the result of the trial, which of course still remains. A refusal to postpone, even although entered in the form of an order, is equivalent to proceeding with the trial; a thous- and contingencies may prevent that, and render the refusal of no avail. If such refusals as mere separate orders are susceptible of reversal, they must be so whether any trial takes place or not. The court is certainly not bound by such an order to proceed with the tidal, nor is the adverse party necessarily entitled to do so. Both are at liberty to disregard it. The Code, it is true, declares that “ every direction of a court or judge, made or entered in writing, is denominated an order,” It is not very explicit as to the person, place or mode in reference to such writing, and is evidently not meant to give a strict definition. To construe the word “ direction,” in its ordinary and literal sense, would lead to absurdities. The daily adjournment of a court, and the instruction to a clerk to enter an order or set down a cause on a day calendar, are directions in writing. It can only, so far as any right of appeal is concerned, properly be understood to include mandates on parties or officers, or final determinations of rights. Of course it will not be contended that every decision or resolution of a court or judge, by being put in writing, will become an order when it otherwise would not be. The right of appeal could not depend on the discretion of the judge. "What I have already advanced shows that, to prejudice any one by a refusal to postpone a trial, it must not only already have commenced, but it must go on to a conclusion. Such a refusal as a separate order is either not such a direction as to constitute an order, even when written, or else if a direction *514 on a trial, is one which cannot be made a separate order from other proceedings in it, so as to form a separate subject of appeal.
But even if such refusals were subjects of an order, it would not follow that such orders were appealable. The appealability of orders is placed on the ground of their “ affecting a substantial 'right.” (Code, § 349, sub. 3.) The only substantial right which they might be supposed to affect would be either the right to appear on the trial and defend, or that of being concluded by the result of such trial; neither of which were interfered with. The defendants could have appeared and defended, and still have- moved to set aside a decision upon the ground that such trial ought not to have proceeded. I can find no analogous case where a substantial right has been considered as invaded by such an order, standing by itself. An order of reference determines the mode of trial of all the issues, and is a separate proceeding from the trial itself. Proceeding in the latter, without objection, would probably waive the right to appea]. I think the decisions therefore appealed from, even if orders, are not appealable.
The appeals in both motions ought to be dismissed, with costs.