No. 2142—ABAT et al. *v.* L. G. ATKINSON; P. B. BUNLEY et al. *v.* the same, and GOTTENGER, use of, &c. *v.* the same.

The paraphernal property of the wife cannot be seized for a debt due the community, growing out of improvements made upon her hereditary lands, until her indebtedness to the community is judicially established.

APPEAL from the Fifth Judicial District Court, parish of East Feliciana. *Posey, J. Cross & Hardee,* for plaintiffs and appellants. *Muse & Pipkin* for defendants and appellees.

TALIAFERRO, J. In October, 1865, Adelia Atkinson, wife of the defendant, obtained against him a decree of separation of property, a dissolution of the community of acquets and gains, which she renounced, and a judgment for $5000, with legal interest from judicial demand. About the same time, the plaintiffs alleging themselves to be judgment creditors of the defendant, severally issued executions under which they seized defendants' interest in the following property : "A certain tract of land upon which defendants, L. G. Atkinson, and his wife now reside, containing seven hundred and ten acres, and being the same land received by Adelia Boone, wife of said Atkinson, as a legacy from her father, John Boone, said land situated in the parishes of East Feliciana and East Baton Rouge ; that interest consisting of the dwelling house, out houses, gin and all other buildings, and the increased value of clearing up, ditching and putting under fence two hundred and fifty acres of said land." They then caused a rule be to served upon Adelia Atkinson to show cause why the said land and improvements should not be sold together and the proceeds divided on a regular and double estimation in conformity with law. The wife, duly authorized, appeared and filed a motion to dismiss the rule, alleging several grounds of illegality in the plaintiffs' proceedings against her. This motion

was afterwards withdrawn and an answer filed.    The answer contains a general denial and the averment that there is no foundation for the claim plaintiffs set up in right of her husband, and if there were, she would be entitled to compensate it by the judgment she obtained against her husband.    She denies any right in plaintiffs to proceed against her property upon the claim set up by them, before at least obtaining a judgment of a competent tribunal ascertaining and fixing her liability, if any, for improvements made upon her hereditary lands.

There was judgment rendered in favor of the wife, dismissing plaintiffs' suit, and they have appealed.    To sustain the proceedings taken by them in this case the plaintiffs' invoke the authority of the case of Dominguez v. Lee et al., 17 L. R. p. 295.    We do not think the ruling in that case is favorable to the position they assume.    In that case a judgment creditor of the husband seized a town lot, the paraphernal property of the wife, upon which there was a building when she acquired the lot as separate property.    Subsequently and during marriage, other buildings of greater value, were erected upon the lot.    The main question in the case was, whether the improvements made on the wife's lot, with funds proceeding from a loan obtained by mortgaging her property, belong to the owner of the soil who put in jeopardy the loss of the lot itself, for the advantage of its amelioration, or to the community.    Not being shown that the funds with which the improvements were made were the separate funds of the wife, the court determined that they belonged to the community, and rendered them liable for the husband's debt.    But the injunction taken out by the wife to prevent the sale of her property, was perpetuated as to the lot, which was forbidden to be sold; "the double estimate" spoken of, relating only to the buildings, one of which was the separate property of the wife, and the others, under the decision of the court, belonged to the community.    In the case now under consideration the plaintiffs' claim that the wife having renounced the community, all the improvements and ameliorations made upon the tract of land, the paraphernal property of the wife, belong to the husband and are liable to seizure for his debts; and that the improvements cannot, without waste, be sold separately from the lands.    As to the correctness of these views in general, we are not required to express any opinion ; but we should hesitate to sanction the seizure of the wife's separate property before her liability for a debt, if there be one due to the community, is, by judicial action, clearly established.    This the plaintiffs have failed to have done.    The testimony introduced on the trial determines nothing bearing directly upon the important point in the controversy, the enhanced value of the hereditary land of the wife by means of the improvements made upon it during the marriage.    The testimony is rambling and indefinite.    Two witnesses speak as to the present value of the property, the land with all its improvements as they now exist.    One of them fixes the value at five dollars per acre and the other at seven dollars per acre.    One witness says unimproved lands in the neighborhood, at present, are

worth not more than two dollars and a half per acre—another witness was unable to sell unimproved lands in the neighborhood at two dollars per acre.

We find no error in the disposition made of the case by the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be affirmed with costs. 2 An. p. 43; 6 An. p. 634; 6 Rob. 513; 8 Rob. p. 188.

Mr. Justice Howell took no part in this decision.