## No. 8259.

### MRS. JOHANNA DILLON VS. LUKE DILLON.

Improvements erected during marriage on the separate property of one of the spouses, even though made with community funds, belong to the owner of the soil, subject only to the duty of paying to the community at its dissolution the enhanced value of the property resulting therefrom. Art. 2408 C. C. clearly establishes that the enhanced value above referred to, is only due to the community where the improvements have been made with community funds or labor.

In determining this question, the Article clearly contemplates proof to be made on both sides. Whether, in absence of any proof whatever on the subject, the bare fact that the improvements were made during the existence of the marriage, would be sufficient to establish the community right, need not be here decided. The presumption flowing from such fact, if it exists, is a light one; and we hold the evidence offered herein is sufficient to rebut it.

During the pendency of an action for separation from bed and board, the husband is not entitled to the exclusive benefit of revenues of common property, but on settlement of community must account therefor.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston,* J.

*Braughn, Buck & Dinklespiel* for Plaintiff and Appellee :

1. The presumption that property is community must yield to contrary proof. 16 L. 40 ; 30 An. 275 ; 5 R. 292 ; 9 An. 60 ; 13 An. 379 ; 14 An. 716 ; 30 An. 167.
2. Any legal evidence is admissible to prove what the spouses brought into marriage, 5 R. 292.
3. The ownership of a thing, whether it be movable or immovable, carries with it the right to all the thing produces, etc. C. C. 498-505.

*Chas. S. Rice* for Defendant and Appellant :

1. The burden of proof is on the plaintiff to show that the improvements built on her separate property, during the existence of the community between herself and the defendant, her husband, were paid for out of her separate funds. 26 An. 605 ; 10 Rob. 19 ; 2 An. 44 and 45 ; 30 An. 275 ; 28 An. 442
2. The presumption of law is that the improvements and ameliorations placed on the separate property of either spouse, during the existence of the community, is community property. C. C. Art. 2408; 6 Rob. 513 ; 17 La. 301 ; 29 An. 583 ; 28 An. 430.
3. No presumption arises against either spouse, in a suit for partition and settlement of the community, from not proving the possession of separate property, or that there were actual community acquisitions.
4. The judgment decreeing the defendant to account for rents, not shown to have been received by him, not sued for, and not referred to in pleadings and evidence, is *ex gratia* and should be reversed. The fruits of even the wife's separate property administered by the husband, or by the husband and wife indifferently, belong to the community. C. C. Arts. 2386, 2385, (Rec. pp. 43, 44); 19 La. 574 ; 28 An. 442.

The opinion of the Court was delivered by

FENNER, J. This appeal is the sequel of the case between the same parties, reported in 32 An. Reports, wherein we affirmed a decree of. separation from bed and board and remanded the cause for the liquidation and settlement of the community.

The defendant complains of the judgment rendered below on the last named subject, in two particulars, viz :

1. So far as the same decrees the buildings and improvements upon the lot of ground on Gasquet street to be the separate property of the wife.

There is no dispute that the lot of ground belonged to the succession of plaintiff's former husband, Daniel Phillips, and at the date of her marriage with defendant, was administered by her as natural tutrix of her minor child.

The improvements were placed thereon during the last named marriage.

The evidence shows that this marriage took place in October, 1859 ; that the improvements were erected during the following year ; that the succession of Phillips had cash funds and other means ample to pay for them, which were controlled by plaintiff in her own right and as usufructuary of the interest of her minor child ; and that said funds were drawn from bank during the year 1860, when the improvements were made.

A witness, the daughter of plaintiff, testifies that the ownership of the entire property was always claimed by plaintiff and never disputed by defendant, and that the rents, though collected by defendant, were always spoken of as plaintiff's rents.

There is not a word of testimony to show that defendant had any means whatever at the date of the marriage, or that the community had made any acquisitions during the brief period of its existence prior to the making of the improvements, or in any way tending to establish that they were paid for with community funds. He stands simply and squarely on the bare fact that the improvements were made during the marriage; and he claims the benefit of the presumption arising from that fact, until rebutted by affirmative proof that they were paid for by the wife with her separate funds, which he contends is not established by the evidence in this case.

The text of the Civil Code on the question is as follows:

"When the separate property of either the husband or the wife has been increased or improved during the marriage, the other spouse, or his or her heirs, shall be entitled to the reward of one-half of the value of the increase or ameliorations, *if it be proved that the increase or ameliorations be the result of the common labor, expenses or industry;* but there shall be no reward due, if it be proved that the increase is due only to the ordinary course of things, to the rise in the value of property, or to the chances of trade."

The contention that the improvements *belong* to the community, even if made at community expense, could not be sustained. The cases of Dominguez vs. Lee, 17 La. 301, and Babin vs. Nolan, 6 Rob. 513, which propound this doctrine, have been expressly overruled. Whiteman vs. LeBlanc, 28 An. 430; Kelly vs. Robinson, 10 An. 308; Waggaman vs. Zacharie, 8 Rob. 102.

These later cases recognize the general principle established in Articles 504 and 505 of the Code, that the ownership of the soil carries with it the ownership of all that is above or under it and of all which becomes united to or incorporated with it, as applying to the separate property of the spouses in common with all other owners.

And they hold that where accessions have been made to separate property with community funds, they belong to the separate owner subject only to the duty of paying to the community, at its dissolution, the enhanced value of the property resulting from the improvements.

In every event, therefore, the decree of the court, that "the lot and improvements on Gasquet street are the separate property of plaintiff," must be technically correct.

Dillon vs. Dillon.

It is no doubt proper, however, that we should pass upon the question of the right of plaintiff, as partner in community, to claim one-half of the enhanced value given to the property by these improvements.

The Article of the Code already quoted very clearly shows that he is only entitled to such benefit if the improvements have been made " by the common labor, expenses or industry."

Whether, in the absence of any other proof whatever, the bare fact that the improvements were made during the marriage would be sufficient to establish his right, is a question we are not here called to pass upon. The Article of the Code clearly contemplates proof on both sides; and the presumption from the fact above mentioned, if it exists, is certainly a very light one.   We think the evidence in this case, recited above, in absence of all countervailing proof, is sufficient to overcome it.

2.   Error is charged in the decree of the court in condemning the defendant to account for the rents and revenues of the Roman street property since the institution of the suit.

The parties agree that the ground is the separate property of plaintiff, but that the improvements were placed thereon by the community. It is not disputed that defendant has possessed and occupied the whole.

A just account of the rents is due by him and, though not expressly claimed in the pleadings, forms a proper element in the liquidation and settlement prayed for.

As the decree settles no principles upon which this accounting is to be made or the rents distributed, or in what proportion they belong to the separate interests of the parties and in what to the community, we have nothing, in these particulars, now before us, for review.

The objection that the accounting could, in no event, be due except from the date of the decree of separation, is not sound.   During the pendency of such proceedings, one party is not entitled to the exclusive benefit of the revenues even of community property, but must account therefor to the community.

Judgment affirmed at appellant's cost.