(36 South. 674.)

No. 15,113.

LYONS v. FRY.

(April 25, 1904.)

RECONVENTION—TIME OF FILING—PARTIES.

1. Plaintiff instituted suit to have canceled a mortgage and lien with which his property at the time was burdened. He owned one-half of the property in indivision. Subsequently, having sold the property, he moved the court to discontinue his suit.

Defendant, after plaintiff had sold his property, presented an answer setting up his defense, and at the same time reconvened.

The reconvention was not filed in time to retain whatever right reconvenor had on the property.

2. Plaintiff was, at most, a third possessor.

3. Defendant, as petitioner in reconvention, sought to make other parties to the suit than plaintiff.

There was nothing to prevent these third persons from buying the property. They have received it cum onere. They would be bound to answer in a direct action to any legal demand, but they cannot be brought into a suit against a third person.

4. The owners of the other half than that which was formerly owned by plaintiff are owners of the half in their own right, and, if their property (the one-half in question) is subject to any claim, it can be recovered against them, and not in this suit.

(Syllabus by the Court.)

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Edmund Denis Miller, Judge.

Action by A. L. Lyons against W. R. Fry, in which defendant reconvened. From a judgment dismissing his reconvention, he appeals. Affirmed.

Cline & Cline, for appellant. Randall Hunt Odom and Thomas Thompson Taylor, for appellee.

BREAUX, C. J. The demand of plaintiff in reconvention against plaintiff, Lyons, was dismissed. Defendant, Fry, appeals from the judgment dismissing his reconventional demand.

The original suit was instituted by plaintiff, Lyons, against defendant, Fry, in the summer of 1899. In this original suit, plaintiff asked for judgment against Fry, and against the clerk of the court, to compel him to cancel and erase from the records of the latter's office the liens and mortgages on property he owned at the time, in so far as they were a burden on his property, which property consisted of the half of a tract of land described in his petition.

Defendant on November 5, 1902, filed his answer, and a reconventional demand, and also a call in warranty against those from whom he said he had bought the property or the right which he claims. In his reconventional demand, Fry asked judgment against plaintiff, and against Charles Bunker and his wife, and against Bret Richard and Car Taylor. The latter—that is, Richard and Taylor—acquired from plaintiff. Bunker and his wife owned the other half of the land by title which is not at issue here in any manner, and has never been at issue in this case.

In his reconventional demand, plaintiff, Fry, claimed that he has liens and mortgages on the property, and asked to have his liens and mortgages recognized as of full force and effect, and prayed for judgment for the amount of his claim secured by liens

and mortgages; that is, a judgment against all the parties before named.

The defendant in reconvention, Fry, alleged that he purchased the east half of the northeast quarter of the land from the Southern Real Estate Loan & Guaranty Company, who executed the warranty deed in his favor. He prayed for citation to issue against the Southern Real Estate Loan & Guaranty Company, and called it in warranty, against whom he asked for judgment in the event of the loss of his cause.

July 28, 1902, plaintiff, Lyons, filed a motion to discontinue his suit, which motion was granted without prejudice to defendant's reconventional demand. About this time the Southern Real Estate Loan & Guaranty Company, called in warranty, filed an exception to the reconventional demand in which they were called in warranty, which was sustained. In October of the same year, Fry, defendant, filed an amended answer, and, in reconvention, sought to make Richard and Taylor parties, on the ground that they held an undivided half, which plaintiff, Lyons, had sold to them.

On the 9th of November, Lyons filed a motion to strike out defendant's reconventional demand, and about the same time the other parties before named—that is, Richard, Bunker, and others—filed a similar motion. The grounds of the motion to strike out the reconventional demand were that Fry's demand is not connected with, nor incidental to, the main action; that there was a want of a cause of action; and that he had no interest, he having sold the land before the reconventional demand. This was particularly the motion of Lyons, plaintiff.

Bunker and wife alleged, in addition, that in the suit of A. L. Lyons v. W. R. Fry (that is, this suit here) it was sought to erase certain mortgages of plaintiff's (Lyons') half interest in certain lands, to wit, the east half of the northeast quarter, section 3, township 10 south, range 12; that the other half is owned by defendants in reconvention, and is not included in plaintiff's petition; that these defendants in reconvention are not connected with such suit, either personally or through property interest.

There are two important facts in the case, to wit, that plaintiff is not personally indebted to the defendant, and the reconventional demand was filed some time after the plaintiff had sold the land in question. There is no question but that plaintiff had sold the land before referred to a very considerable time prior to defendant, Fry, filing his answer.

The following is an excerpt from the brief of the able counsel for defendant:

"If defendant was not concluded by the suit prosecuted against other parties, and in which the plaintiff, Lyons, was not a party, he had the right, when his liens and mortgages were attacked, and demand made for their cancellation, to demand in reconvention the enforcement and foreclosure of said liens and mortgages."

From the foregoing it is made manifest that plaintiff in reconvention, Fry, is only concerned in this case about his mortgages and liens. Plaintiff is not personally indebted for the amount of this lien and privilege. He is, at most, the third possessor. He was not a mortgagor or debtor for the lien or mortgage on the land, and nothing shows that he held himself out as liable for the indebtedness claimed by defendant, Fry.

If the suit were reinstated in accordance with defendant's demand, he would be absolutely without right against plaintiff, who has transferred the title as before mentioned.

Before defendant, Fry, had urged his demand in reconvention, there was nothing to prevent him from selling the land as he did. The only effect of the sale was that the title passed cum onere, burdened with whatever right the defendant may have had.

True, as claimed by this defendant, he originally had the right to demand in recon-

vention the enforcement and foreclosure of his liens and mortgages, but not, however, after plaintiff had obtained an order permitting him to discontinue his suit, of which he (plaintiff) availed himself.

Even if plaintiff's suit was not dismissed prior to the last exception, if on the trial of this exception it appeared that, before the reconventional demand had been filed, he had sold the property, there remained nothing to do, save dismiss the reconventional demand, and relegate the defendant to the direct action to assert his right.

Defendant's further contention is that, if he had the right to demand the enforcement of his liens and mortgages against plaintiff by way of reconvention, he also had the right to demand the enforcement of his liens and mortgages against the other half, by making the possessors thereof parties to the suit, and in this manner avoid a multiplicity of suits.

True, a reconventional demand may set up the distinct cause of action, but this must be against the plaintiff in the suit. This demand cannot be made against others than the parties to the suit. The Code of Practice does not contemplate that third persons may be made parties, and new issues urged against them. These third persons— Bunker, Richard, and others—are not personally indebted to defendant. They bought the land at a time when there was nothing to prevent them from becoming its owners. Whatever claim defendant Fry may have on or to the land should be brought directly against these third persons, who cannot be compelled to litigate in a suit in which they were not parties, and in which they are not concerned.

"The demand which the defendant institutes in consequence of that which the plaintiff has brought against him, is termed a demand in reconvention." Code Prac. art. 374.

These third parties have instituted no demand against this defendant. Therefore his claim does not come within the above definition, or any other definition relating to the reconventional demand.

Another contention of defendant is that, the reconventional demand being filed, and the call in warranty made, it was beyond the power of plaintiff to dismiss it.

The argument has led us to conclude, as before stated, that plaintiff had sold the property before the reconventional demand was filed.

His suit may have remained in court. Indeed, we are certain that it was not dismissed prior to the reconventional demand, for counsel for the defendant, Fry, so stated. It remains, however, that the property had been sold, as before mentioned. The suit, although not dismissed, did not authorize the reconventional demand, because of the sale just mentioned.

Without the reconventional demand, plaintiff in reconvention, Fry, has no ground upon which to stand to call his warrantor to defend the suit, as there is no suit to defend.

We have attentively read the decision cited by learned counsel for defendant, and have not found in it authority sufficient to justify us in reversing the judgment.

For these reasons, the law and the evidence being in favor of appellee, the judgment appealed from is affirmed.