(124 So. 676)

No. 29961.

## ARTHUS v. ARTHUS.

Nov. 4, 1929.

Daly & Hamlin, of New Orleans, for appellant.

Augustus G. Williams and Irwin F. Williams, both of New Orleans, for appellee John M. Arthus, third party.

BRUNOT, J. Plaintiff, appellant, instituted a suit in the civil district court against

the defendant, appellee, her husband, for a separation from bed and board. Nearly five months thereafter she filed a petition, in the same entitled and numbered suit, against John Arthus, a third party, in which she alleges that about two years before the filing of her suit for separation, a deed was registered in the conveyance office of the parish of Orleans, wherein the Suburban Building & Loan Association conveyed to John M. Arthus five lots or portions of ground, together with the buildings and improvements thereon, in the third district of the city of New Orleans; that said property was purchased for the account of Alphonse Arthus, and it was placed in the name of John M. Arthus for convenience only, with intent to defraud petitioner of her community rights therein. The prayer is for a judgment decreeing the said property to belong to the community of acquets and gains existing between plaintiff and her husband, Alphonse Arthus.

The defendant in this proceeding excepted to the petition upon the ground that it disclosed no right and no cause of action. The exception of no cause of action was sustained, and plaintiff appealed. We think the judgment is correct. This is not a suit to bring property, once owned by the community, back into the community, after the community had been fraudulently dispossessed of it. The pleadings show that title to the property involved was never in the community. Appellant cites article 149, Civ. Code, and article 306, Code Prac., and four cases. We find that the cited cases and articles have no application to the facts presented. The cases are Hill v. Hill, 115 La. 490, 39 So. 503; Dillon v. Dillon, 35 La. Ann. 92; Autin v. Piske (C. C. A.) 24 F.(2d) 626; Williams v. Goss, 43 La. Ann. 868, 9 So. 750. Article 149, Civ.

Code, has reference only to the wife's right to have the community property inventoried and appraised and entitles her to an injunction restraining the disposal of it by the husband, and article 306, Code Prac., relates only to the service of the injunction.

John Arthus was not a party to, he had no interest in or connection with, the suit of plaintiff against her husband for a separation from bed and board and the dissolution of the community existing between them.

This court has held that a sale of succession property cannot be attacked by way of opposition to the administrator's account, but the remedy is by a separate action. Succession of Scott, 41 La. Ann. 668, 6 So. 792. This ruling is cited with approval in Succession of McKnight, 44 La. Ann. 400, 10 So. 810, and Succession of Blancand, 48 La. Ann. 581, 19 So. 683. In the case of Lyons v. Fry, 112 La. 759, 36 So. 674, the defendant, as petitioner in reconvention, sought to make other parties than the plaintiff parties to the suit. In disposing of that phase of the case, the court, at page 763 of the opinion, 36 So. 676, said: "The Code of Practice does not contemplate that third persons may be made parties, and new issues urged against them. These third persons * * * are not personally indebted to defendant. They bought the land at a time when there was nothing to prevent them from becoming its owners. Whatever claim defendant Fry may have on or to the land should be brought directly against these third persons, who cannot be compelled to litigate in a suit in which they were not parties, and in which they are not concerned."

For the reasons stated it is decreed that the judgment be and it is affirmed, at appellant's cost.

ROGERS, J., concurs in the decree.