LANDRY, Judge.
Plaintiff herein, Norman R. Foster, has taken this appeal from- the judgment rendered adversely to him by the trial court in favor of defendant, Hannon E. Stewart, as plaintiff in reconvention, in the sum of $1,460.75 and also appeals the judgment against him in the sum of $350.00 in favor of LaRue Blackwell, a third party called as a witness by defendant Stewart. In addition, appellant has filed in this court an exception of non-joinder of an indispensable party, namely, the partnership known as Delta Motors, of which appellant is a member and, predicated on said exception, has moved this court to remand this matter to the trial court in order that the aforesaid partnership may be made a party to these proceedings.
The nature and chronological order of events which culminated in the present state of this litigation are not in dispute. On December 13, 1961, appellant, Norman R. Foster, individually, instituted this action against appellee, Hannon E. Stewart, praying for an injunction restraining and prohibiting said defendant from violating the terms of a certain lease of immovable property belonging to defendant as well as a certain contract for the performance of personal services to be rendered by Stewart to a partnership known as Delta Motors, said partnership being composed of plaintiff Foster and one LeRoy S. Bankston, which latter partner signed both the lease and employment contract on behalf of the partnership under date of April 15, 1961. *336 Notwithstanding copies of the lease and contract sued upon, attached to and made part of plaintiff’s petition clearly show said agreements were entered into by Bankston for and in the name of the partnership known as Delta Motors, plaintiff nevertheless alleged he was doing business as Delta Motors and prayed for judgment in his favor against defendant. On January S, 1962, defendant responded to plaintiff’s petition by filing answer thereto coupled with a reconventional demand praying for judgment in defendant’s favor, as plaintiff in reconvention, in the sum of $5,000 and for cancellation of the lease. On February 21, 1963, it was stipulated by appellant and appellee that unless appellant answered ap-pellee’s reconventional demand by March 4, 1963, appellee would be at liberty to confirm the default entered against appellant on said same date, namely, February 21, 1963. By further stipulation made February 21, 1963, the case was set for trial March 4, 1963, notwithstanding appellant had filed no answer to appellee’s reconven-tional demand. The minutes of the trial court reveal that on March 4, 1963, appellant had filed no answer to appellee’s re-conventional demand and as per the prior stipulation the lower court permitted appel-lee to prove his reconventional demand by confirmation of the default previously entered on February 21, 1963.
Subsequently plaintiff-appellant moved the lower court for a new trial on the ground that the partnership Delta Motors was the real party in interest and therefore an indispensable party without which the matter could not rightfully proceed. The trial court, however, denied appellant’s motion for a new trial and rendered the judgments hereinabove indicated.
On appeal counsel for appellant concedes the main demand was improperly instituted in the name of plaintiff individually considering the contract and lease sued upon were executed in the name of the partnership of which appellant was a member. It is contended, however, that such circumstance does not affect the party against whom plaintiff in reconvention must seek redress under the contract. In this regard counsel for appellant maintains that since the contract and lease under which plaintiff in reconvention seeks recovery is clearly with the partnership and not appellant personally, any relief afforded appel-lee thereunder must perforce affect the rights of the partnership both under the contract of employment as well as the lease which latter agreement affects immovable property.
Appellee’s position, simply stated, is that appellant having made the initial error of instituting suit in his own name and, as defendant in reconvention, having failed to timely file an exception of non-joinder of an indispensable party may not at this juncture complain of the judgment rendered against him by the trial court. In this connection, appellee maintains that since appellant initially maintained he, appellant, was doing business under the trade name Delta Motors, appellee had the right to rely upon appellant’s own allegations and reconvene against appellant individually.
Prior to adoption of LSA Code of Civil Procedure, effective January 1, 1961, the jurisprudence of this state was settled to the effect that non-joinder of an indispensable party was a matter that could be raised at any stage of the pleadings and courts on their own motion could take cognizance of the absence of such a party. Horn v. Skelly Oil Co., 221 La. 626, 60 So.2d 65; De Hart v. Continental Land & Fur Co., 196 La. 701, 200 So. 9.
The jurisprudence established by the cited authorities was expressly codified by LSA-Code of Civil Procedure, Article 645, which reads as follows:
645. “The failure to join an indispensable party to an action may be pleaded in the peremptory exception, or may be noticed by the trial or appellate court on its own motion.
“The failure to join a necessary party to an action may be pleaded only in the dilatory exception.”
*337 Article 927, LSA-C.C.P. in setting forth the objections which may be raised through the peremptory exception lists therein the failure to join an indispensable party and also states such exception may be noticed either by the trial court or appellate court on its own motion.
An indispensable party is defined by Article 641, LSA-Code of Civil Procedure in the following language:
641. “Indispensable parties to an action are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action.
“No adjitdication of an action can be made unless all indispensable parties are joined therein.”
Also apropos the issue at hand is LSA-Code of Civil Procedure, Article 646, which provides as follows:
646. “When the failure to join an indispensable party is pleaded successfully in or noticed by a trial court, the latter may permit amendment of the petition so as to make him a party, and may reopen the case if it has been submitted and further evidence is necessary. When such failure is pleaded successfully in or noticed by an appellate court, the latter may remand the case for such amendment and further evidence.
“When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him.”
In the case at bar the contract and lease initially sued upon clearly reveal the agreements were executed for, in the name and on behalf of the partnership known as Delta Motors. Said documents being annexed to and made part of plaintiff’s petition must be regarded as part of the petition for all purposes. LSA-C.C.P. Article 853.
Under such circumstances Delta Motors is an indispensable party to these proceedings considering its contractual rights under both the lease and employment agreement would be so vitally affected by the outcome of this litigation that complete and equitable adjudication of the present controversy cannot be made unless said partnership is joined herein.
 We find no merit in the contention of counsel for appellee to the effect that appellant’s motion of non-joinder should be dismissed because appellant made the initial mistake of suing in his own name to enforce a partnership agreement. It is significant that the initial petition of appellant was vulnerable to an exception of want of interest by appellee who, as a party to the contract and lease sued upon, must be conclusively presumed to be fully cognkant of the terms of the documents and therefore aware that appellant was individually asserting a partnership claim. It would appear, therefore, appellant’s error in instituting action in his own name was no more grievous than appellee’s failure to except to appellant’s want of interest.
Before the effective date of LSA-Code of Civil Procedure reconventional demand was defined by Article 374 of the Code of Practice as “[t]he demand which the defendant institutes in consequence of that which the plaintiff has brought against him.” Predicated upon said definition of reconventional demand, it was held that a defendant was not entitled to bring a third party into the suit by way of reconventional demand against the plaintiff. Lyons v. Fry, 112 La. 759, 36 So. 674. However, a significant change in this regard was effected by the provisions of LSA-C.C.P. Article 1064 which provides as follows:
1064. “When the presence of parties other than those to the principal action is required for the granting of complete relief in the determination *338 of a reconventional demand, the court shall order the plaintiff in re-convention to make such parties defendants in reconvention, if jurisdiction of them can be obtained.”
To grant appellee complete relief under the reconventional demand which seeks damages under the contract of employment and cancellation of the lease executed in the partnership name, said partnership must be made a party to these proceedings. Any judgment rendered herein as the case now stands would be inoperative and meaningless insofar as the partnership is concerned. We believe no citation of authority necessary to support the elementary rule of law that a person who is not a party to a legal proceeding is not bound by any decree rendered therein.
 It appears, therefore, the learned trial court erred in failing to grant appellant’s motion for a new trial predicated upon the non-joinder of a party whose presence was indispensable on the face of the record. .Had not the matter been called to the court’s attention, it was the duty of the trial court upon noticing such absence, ex proprio motu to require that said indispensable party be brought into this proceeding.
Prior to confirmation of the preliminary default entered against appellant as defendant in reconvention, the learned trial court, upon the application of appellee, appointed one LaRue Blackwell, an auditor, to examine the books of Delta Motors and submit a written report thereof to the court. Upon confirmation of the default against defendant in reconvention, Blackwell’s report was introduced in evidence and Blackwell called as expert witness to verify the content thereof. At the request of appellee the trial court fixed Blackwell’s fee as an expert witness in the sum of $350.00, taxed same as costs and rendered judgment thereon in favor of Blackwell and against appellant in said sum. While the trial court was eminently correct in fixing Blackwell’s fee as an expert witness, it had no authority to tax same as costs without having first ruled appellant to show cause why the same should be taxed as such. LSA-C.C.P. Article 1920. Likewise, our esteemed brother below erred in rendering judgment in favor of Blackwell and against appellant in the amount shown. Blackwell was not a party litigant but merely an expert witness called on behalf of appellee as plaintiff in reconvention. In such capacity, Blackwell’s fee, when properly taxed as costs, is to be paid by the party cast therefor pursuant to LSA-C.C.P. Articles 1920 and 2164. Appellant does not herein question the reasonableness of said expert witness fee but merely the fact that the trial court improperly rendered judgment for same against appellant. Our consideration of the record does not reveal said fee to be excessive and we will not disturb the amount thereof as fixed by the trial court. Considering appellant’s error precipitated these proceedings and appellant made no effort to rectify his mistake until subsequent to Blackwell’s appointment by the trial court and appearance as a witness, we feel the interest of justice requires that appellant, Norman R. Foster, be cast for all costs incurred in these proceedings to date, including the aforesaid fee of the expert witness Blackwell.
Accordingly, it is ordered, adjudged and decreed the judgment of the trial court fixing the fee of the expert witness LaRue Blackwell in the sum of $350.00 be and the same is hereby affirmed. It is further ordered, adjudged and decreed that the judgment of the trial court in favor of appellee Hannon E. Stewart in the sum of $1,460.75, and in favor of the witness LaRue Blackwell in the sum of $350.00, and rejecting and dismissing the motion of non-join-der of an indispensable party filed on behalf of appellant, Norman R. Foster, be and the same are hereby annulled, reversed and set aside and this matter remanded to the trial court with instructions to plaintiff in reconvention, Hannon E. Stewart, to im-plead herein as defendant in reconvcntion *339 Delta Motors, a partnership composed of Norman R. Foster and LeRoy S. Bankston, and for further proceedings conformable with law and consistent with the views herein expressed. All costs incurred to date in the trial court as well as on appeal including, but not limited to, the fee of the expert witness Blackwell fixed by the trial court in the sum of $350.00, are to be paid by plaintiff-appellant, Norman R. Foster. Costs subsequently incurred shall await final determination of this matter.
Affirmed in part, reversed in part and remanded.