BARNETTE, Judge.
This is a suit for recovery of sums paid by plaintiff, Bobby Gauthier, as an alleged co-debtor in solido with the defendant, Jim Scott, on one promissory note executed by them as co-makers in the principal sum of $4,000 and on a continuing guaranty executed by them as obligors in solido, or co-sureties for an $18,000 debt of a small corporation in which they were mutually interested as business associates.
The trial court found them to be co-debtors in solido on both obligations and that the plaintiff was entitled to contribution of one half of the $4,000 paid on the note and to contribution of one third of the balance of $15,007.05 paid by him on the $18,000 note. Accordingly a judgment in his favor against the defendant in the principal sum of $7,002.35 was rendered. The defendant has appealed suspensively.
The plaintiff and defendant were associated in a business venture operating as a corporation, Lancer’s Belt Company, Inc. During the course of that business it was necessary to obtain loans for financing. A loan of $4,000 was obtained from American Bank and Trust Company. This note was signed by Bobby Gauthier (plaintiff) and Jim Scott (defendant) as co-makers, binding themselves in solido.
A loan of $18,000 was obtained from the same bank, the note for which was signed “Lancers Belt Company, Inc. By Bobby Gauthier.” This note was secured by a “CONTINUING GUARANTY” signed by Jim Scott and Bobby Gauthier. That guaranty contains the following significant provision:
“ *■ * * We do furthermore bind and obligate ourselves, our heirs and assigns, in solido with said debtor, for the payment of the said indebtedness precisely as if the same had been contracted and was due or owing by us in person, hereby agreeing to and binding ourselves, our heirs and assigns, by all terms and conditions contained in any note or notes signed or to be signed by said debtor, making ourselves a party thereto; hereby waiving notice of any such indebtedness and of demand, protest or notice of demand or non-payment and of notice of any act to establish the liability of any party on any commercial or other paper, indebtedness or obligation covered by this guaranty; * * * ”
The $18,000 note was credited with payments which reduced the balance to $15,007.05 when demand was made upon Mr. Gauthier for payment. Gauthier paid this amount plus the $4,000 due and owing on the note signed by him and Mr. Scott. Both notes were endorsed over to Gau-thier, by the Bank, without recourse.
The plaintiff brought this suit for recovery of the full amount paid, $19,007.05, with interest and attorney’s fees or in the alternative for contribution of one half that amount. The judgment in his favor, as stated above was for contribution of one half the $4,000 and for one third of the $15,007.05. The plaintiff did not appeal and has not answered the appeal seeking an increase.
There is no dispute of. fact. The defendant admitted signing the $4,000 note as a co-maker with the plaintiff and admitted signing the continuing guaranty for the purposes alleged.
In his brief filed in this court the appellant assigns as error the judgment awarded “ * * * on a note and a continuing guaranty when neither had been introduced into evidence.” He argues that the trial court should not have considered *704 the specific provisions contained in the continuing guaranty, not filed in evidence, to find an obligation other than a simple surety agreement, which would be governed by Civil Code, Article 3058.
He does not deny that Gauthier and Scott were bound as sureties for the same debtor, Lancer’s Belt Company, Inc., but argues that Gauthier not having paid as a consequence of a suit against him cannot seek contribution. Civil Code Article 3058 provides as follows:
“When several persons have been sureties for the same debtor and for the same debt, the surety who has satisfied the debt, has his remedy against the other sureties in proportion to the share of each; but this remedy takes place only, when such person has paid in consequence of a lawsuit instituted against him.”
The thrust of appellant’s argument is that the trial court was in error in looking to the continuing guaranty, not filed in evidence, to find a basis for not applying the provisions of Article 3058 which limited plaintiff’s right of recovery to a situation where he had paid as a consequence of a suit against him.
We find no merit in defendant-appellant’s argument. The $4,000 note sued and the $18,000 note were attached to the plaintiff’s original petition and filed therewith as “Exhibits One and Two.” The continuing guaranty is attached to the petition and referred to in the pleading but is not identified by exhibit number and not specifically filed as an exhibit.
In plaintiff’s amending and supplemental petition he alleged in paragraph 2 as follows :
“Petitioner and defendant became bound in solido to a mutual creditor, American Bank and Trust Company, domiciled in Baton Rouge, Louisiana, arising out of the execution of a certain promissory note in the principal sum of Four Thousand and No/100 Dollars ($4,000.00), as evidenced by the note accompanying this petition as an exhibit, on or about 7 March 1973, and a continuing guaranty and surety agreement executed in favor of American Bank and Trust Company as security for obligations and debts either owing or accruing thereafter by Lancers Belt Company, Inc., and in particular, on a promissory note executed by the Company in favor of the creditor on or about 29 November 1972, which appears as an exhibit to this petition.”
Again the plaintiff failed to specifically file the attached continuing. guaranty agreement as an “exhibit” with an identifying number, as he did the two notes.
A “PRE-TRIAL ORDER” which was certified to and signed by counsel for plaintiff and defendant and filed in the record contains the following:
“F. LIST OF EXHIBITS
(1) Note One (1) for $18,000.00
(2) Note Two (2) for $4,000.00
(3) Continuing Guaranty Agreement
“G. EXHIBITS STIPULATED AS AUTHENTIC
All of the above are stipulated as authentic.”
We therefore hold that the “Continuing Guaranty” is an exhibit filed in the record and therefore properly before the court for all purposes. LSA-C.C.P. Art. 853. Foster v. Stewart, 161 So.2d 334 (La.App. 1st Cir. 1964). The trial court judge therefore committed no error in giving consideration to all its terms and provisions.
In his written reasons for judgment the judge of the trial court said in part:
“However, while the guaranty is obviously a surety agreement, the benefits of C.C. Art. 3058 are not available to Mr. Scott because the terms of the guaranty *705 bind him in solido with the debtor. The guaranty provides in part that: * * *»
At this point he quoted the significant provisions of the “Continuing Guaranty” which we have quoted above. He then continued as follows:
“C.C. Art. 3045 provides that when a surety binds himself in solido with the debtor, then the relationship is regulated by the principles established for debtors in solido. This principle has been recognized in the recent cases of Wooten v. Wimberly, 272 So.2d 303 (La.Sup.Ct., 1972) and American Bank and Trust Company v. Blue Bird Restaurant & Lounge, Inc., 279 So.2d 720 (La.App., 1st Cir., 1973), affirmed 290 So.2d 302 (La. Sup.Ct., 1974). In the latter case, the Court of Appeal and the Supreme Court held that a guaranty with language identical to that quoted above bound the signatory thereof in solido with the debtor, and the Court of Appeal expressly held that the guarantor was thereby deprived of the benefits that accrue to suretys but not to codebtors in solido. Therefore, Mr. Gauthier and Mr. Scott were codebt-ors in solido with Lancer’s Belt on the $18,000 debt, and when Mr. Gauthier paid the debt, he became entitled to contribution from Mr. Scott and Lancer’s Belt Company, Inc. C.C. Art. 2104.”
Civil Code Article 2104 provides as follows :
“If one of the codebtors in solido pays the whole debt, he can claim from the others no more than the part and portion of each.
“If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent codebtors and him who has made the payment.”
The court found correctly that since there was no evidence of the insolvency of Lancer’s Belt Company, Inc. the plaintiff was entitled to contribution of only one third of the $15,007.05 paid by him.
As to the $4,000 note paid by the plaintiff, the court correctly held the plaintiff entitled to contribution of one half.
For these reasons the judgment appealed is affirmed at appellant’s cost.

Affirmed.