CULPEPPER, Judge.
Plaintiff filed this suit for partition in kind of a tract of land. The court appointed P. N. Fontenot, a civil engineer, to survey the property and prepare a plat as to how the land and improvements could be divided into halfs. Fontenot actually prepared a plat and it is in the record, together with his statement in the sum of $890 for services rendered. However, the district judge later set aside his order appointing this expert. The defendant, Molly Hendrix Watson, filed an answer denying that the property could be divided in kind, and she reconvened praying that the property be partitioned by licitation.
The district judge held that the property could not be divided in kind. Accordingly, judgment was rendered ordering that the property be sold at public sale for the purpose of partition by licitation. From this judgment the plaintiffs appealed.
On appeal, all parties plaintiffs and the parties defendant agree that the judgment ordering the partition must be reversed and set aside because all of the co-owners of the property are not named as parties to the suit. The peremptory exception of nonjoinder of an indispensable party may be noticed by the appellate court on its own motion. LSA-C.C.P. Article 927. Accordingly, judgment must be rendered reversing and setting aside the judgment ordering a partition by licitation, and the case must be remanded to the district court for the joinder of all co-owners of the property as parties and for further proceedings in accordance with law and the views expressed herein.
The sole issue argued on appeal is the assessment of costs. The defendants-appel-lees argue that it is the fault of the appellant in failing to name all co-owners of the property as parties which requires that the judgment appealed be reversed and the case be remanded. Defendant contends that all costs incurred in the district court and in the Court of Appeal to date should be assessed against the plaintiffs. In support of this argument, defendants cite Foster v. Stewart, 161 So.2d 334 (La.App. 1st Cir. 1964) where a partner sued to enjoin a lessor from violating the terms of a lease, and he failed to name the partnership as a party. The court held that since it was the *1304 fault of the plaintiff in failing to name the partnership as a party which required that the judgment be reversed and the case remanded, all costs, including expert witness fees, incurred in the proceedings to date of the decision of the reviewing court should be assessed against the plaintiff.
LSA-C.C.P. Article 2164 authorizes the Court of Appeal to “tax the cost of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.” Under this article, each case must be considered on its own facts in determining the assessment of costs. In Foster v. Stewart, supra, the court determined that under the facts of that case the plaintiff who was at fault for not joining an indispensable party should pay all costs to date. However, under the facts of the present case we reach a different conclusion for the following reasons.
In the present case the assessment of all costs incurred in the district court to the date of the judgment appealed, as well as those costs which will be incurred after this case is remanded to the district court, should be determined by the trial judge in his discretion. It may be that after this case is remanded to the district court the trial judge will find that the costs incurred in determining whether the property can be partitioned in kind, particularly the charge of $890 by the expert civil engineer, Mr. Paul N. Fontenot, should be borne proportionately by the owners, since that evidence may be useful in determining the issue of divisibility in kind. We should not at this time prejudge the assessment of costs, which the trial judge, in his discretion, may finally determine is equitable and proper under all of the circumstances after this case has been remanded and finally decided in the district court.
As to costs of this appeal, we think this should be borne by the parties in the proportion of one-half by the appellants and one-half by the appellees.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for the joinder of all co-owners of the property as indispensable parties to this suit for partition, said parties to be joined within 15 days after this judgment becomes final, or in default thereof, plaintiffs’ suit is to be dismissed at their costs. After the case is remanded, and in the event all co-owners are joined as parties, proceedings may continue in the district court in accordance with law and the views expressed herein, it being specifically directed that each party shall have the right to introduce new admissible evidence on all issues. All costs incurred in the district court to date, as well as the costs incurred there after this case is remanded, shall be determined and assessed by the district judge in his discretion. All costs of this appeal, are assessed one-half against the appellants and one-half against the appellees.
REVERSED AND REMANDED.