On Motion to Dismiss Appeal.
 

 O’NIELL, J.
 

 Appellants sued to be de-
 

 clared the owners of certain shares of stock claimed by defendants, and, in the alternative, prayed for a judgment for the value of the stock. Judgment was rendered in their favor for $2,860.50, which was less than they claimed. They took an appeal, which they characterized as both' a suspensive and a devolutive appeal. After the time allowed for taking a suspensive appeal had expired, defendants filed an answer to plaintiffs’ appeal,
 
 *157
 
 praying that the judgment should be amended by reducing the amount from $2,860.50'to $1,610.50. Thereafter plaintiffs’ attorney had the judgment for $2,860.50 recorded in the mortgage office. Whereupon defendants’ attorneys moved to dismiss this appeal upon the theory that the recording of the judgment, being, to that extent, an execution of the judgment, was an acquiescence in the decree, or an acknowledgment' of its correctness, on the plaintiffs’ part.
 

 The motion to dismiss the appeal is founded upon article 567 of the Code of Practice, declaring that a person against whom a judgment has been rendered cannot appeal if he has acquiesced in the judgment by executing it voluntarily. The language of the Code merely deprives of the right to appeal a person who has voluntarily executed, or complied with, a judgment that has been rendered against him. In other words, it means — in fact it says — that a person cannot appeal from a judgment that has been rendered against him if he has voluntarily executed it, or complied with it. The plaintiffs in this case appealed from the judgment only in so far as it had rejected their demand. The judgment in their favor, for $2,860.50, or the judgment to that extent, is the judgment that they partially executed by having it recorded in- the mortgage office. Their appeal from the judgment that rejected their demand in part was not a suspensive appeal, whatever they may have called it. An appeal taken by a plaintiff, from a judgment rejecting his demand, does not stay execution of the judgment, because such a judgment is not executory, except perhaps for the costs incurred.
 

 The only method by which the defendants in this case might have stayed execution of the judgment for $2,860.50 was by taking a suspensive appeal. Their answer to the appeal did not give them a stay of execution.
 

 The rule stated in article 567 of the Code of Practice is'founded, expressly, upon the theory of acquiescence, or voluntary compliance with the judgment. The recording of the judgment in plaintiffs’ favor was not an acquiescence in the judgment that rejected a part of their demand.
 

 The motion to dismiss the appeal is overruled.