LAND, J.
 

 The defendant, Michael D. Klein, married Mary Elizabeth Ryan, divorced wife of John Peters, on June 6, 1912. She died intestate at her domicile in the city of New Orleans on June 28, 1922, leaving Mrs. Olive M. Peters, plaintiff, a daughter, by the first marriage, as her sole heir.
 

 The present suit has been instituted by Mrs. Peters to be recognized as owner in indivisión in certain property, movable and immovable, described in her petition, and alleged to belong to the second community heretofore existing between defendant and plaintiff’s deceased mother. Alleging the in-, divisibility of the realty, a partition by licitation is demanded.
 

 Plaintiff asks also for an accounting and settlement of the claims of the community against the separate estate of defendant, M. D. Klein.
 

 . During the pendency of the proceedings in the lower court, Mrs. M. A. Verlander died. Marian A. Verlander, in his capacity as natural tutor of the minor and sole heirs of the late Mrs. Verlander, was made a party plaintiff herein, and was authorized to prosecute this action.
 

 The special defenses made in the case are th^t plaintiff is not a co-owner, that the property in dispute belongs to defendant’s separate estate, that the rents received by him from the separate property of decedent were turned over to her before her death, and that the proceeds of the property sold in the acts of sale mentioned in plaintiff’s petition belong to the separate estate of defendant. Defendant admits in his answer that he was head and master of the community of acquets and gains, that he has always been in full possession and control of the community, and that he administered its proceeds and funds.
 

 At the date of the dissolution of the community by the death of defendant’s wife, he was in possession of only one piece of property, to wit, two lots of ground, with buildings and improvements thereon, located at the corner of Bruxelles and Industry streets in the city of New Orleans.
 

 [1] This property had been purchased in
 
 *667
 
 the year 1921 with a part of the proceeds of sale of the several pieces of real estate acquired and owned by defendant prior to his marriage;
 

 ' As this particular property was purchased during the existence of the community by the husband, and without any statement in the deed that it was bought with his separate funds, the court below erred in holding that it belonged to the separate estate of the husband. It is well settled that when a married man buys immovables with his separate funds and takes title in his name, unless the deed contains a statement to the effect that the purchase is made with his separate funds, the property will belong to the community, and, at its dissolution, the community will owe his separate estate for the price paid. Kittredge v. Grau, 158 La. 169, 170, 103 So. 723.
 

 All collections of rents or revenues from property under the administration of a married man, during the existence of the community, belong to the community. R. C. C. art. 2402; Succession of Goll, 156 La. 919, 101 So. 263.
 

 Therefore it follows that all rents collected by defendant from his separate property during the marriage were community funds, regardless of the fact that these revenues were kept by him in a separate account. He admits in his testimony that these rents were used, during the existence of the community, for the repair and improvement of his separate property, which he sold during the marriage.
 

 If defendant’s separate estate was increased at the expense of the community, the plaintiff is entitled to one-half of the value of such increase. R. C. C. art. 2408 (2377); Kelly v. Kelly, 131 La. 1031, 60 So. 671.
 

 “Improvements erected during marriage on the separate property of one of the spouses, even though made with community funds, belong to the owner of the soil, subject only to the duty of paying to the community at its dissolution the enhanced value of the property resulting therefrom.” Dillon v. Dillon, 35 La. Ann. 92 (syllabus); Dillon v. Freville, 129 La. 1015, 57 So. 316.
 

 “The separate estate cannot be charged with the cost of improvements, but only with the enhanced value of the property. C. C. art. 2408; Depas v. Riez, 2 La. Ann. 43; Succession of McClelland, 14 La. Ann. 763; Succession of Roth, 33 La. Ann. 540.”
 

 See, also, Dillon v. Freville, 129 La. 1016, 57 So. 316; Succession of Boyer, 36 La. Ann. 509; Sims v. Billington, 50 La. Ann. 968, 24 So. 637.
 

 The testimony in the record now before us is not sufficient to enable us to determine such enhanced value,- a matter to be gone into more thoroughly hereafter, as the ease must be remanded.
 

 The purchase price of all separate property owned by defendant prior to his marriage, and sold during the existence of the community, does not belong to the community. R. C. C. art. 2404.'
 

 The three promissory notes, dated January 26, 1922, each for $444.68 and interest, drawn by Frank Towers, as per act before E. Wagner, notary public, of same date, represent a second mortgage accepted by Klein in lieu of the entire cash portion of the purchase price of lots 31, 32, and 35 in square No. 4 on Gentilly Ridge, acquired by Klein before his second marriage, and. purchased by Towers from him through the Suburban Building & Loan Association. The mere fact that this property had been improved with rents collected by Klein, and which fell into the community, cannot change Klein’s separate ownership of these mortgage notes, as he became the owner of such improvements, being the owner of the soil, and is accountable to the community only for the enhanced value of the property.
 

 The collection of rents by defendant from the separate estate of the decedent is not proved.
 

 
 *669
 
 Outside of these issues, there seems to be no dispute. The ownership of the washing machine and of the piano is admitted. Defendant offers to turn over the certificates of stock mentioned in the petition, to be inventoried in the community, alleging that the stocks are worthless.
 

 As the Bruxelles street property will have to be sold to effect a partition, and the accounts between defendant and the community adjusted as to this piece of property, and as defendant is accountable to the community for the enhanced value of his separate property, improved with rents forming a part of the community funds, we have decided to set aside the judgment appealed from, and to remand the ease for a new trial for these and other necessary purposes', if any.
 

 It is therefore ordered that the judgment appealed from be annulled and reversed. It is now ordered that this case be remanded to the lower court, and be proceeded with in due course and in accordance with the views herein set forth.