No. 855

First Circuit

---

## SUCCESSION OF STEIDTMAN
## IN RE PONCHATOULA BANK & TRUST CO. v. HOFFMAN

---

(June 30, 1931. Opinion and Decree.)

---

W. W. Comish, of Ponchatoula, attorney for plaintiff, appellant.

Burns & Pierson, of Ponchatoula, attorneys for defendant, appellee.

PER CURIAM. Charles Frederick William Steidtman departed this life leaving a widow, Beatrice Tucker Steidtman and two children, Lucille Beatrice Steidtman Hoffman, widow of Frederick A. Hoffman. and Ruth Edna Steidtman, a minor, both born of his marriage with Beatrice Tucker, said children being his sole heirs. Mrs. Lucille Beatrice Hoffman, nee Steidtman, his eldest daughter, was appointed administratrix of his estate. It was valued in the inventory at $1,869 and consists, according to the inventory, of movable property only.

Ponchatoula Bank & Trust Company, a creditor of the estate to the extent of $1,800, alleges that the movable property inventoried is not sufficient to pay the succession debts. That decedent left a half or community interest in and to the dwelling and improvements on lots 13 and 14 in square 59 of the town of Ponchatoula, La., not inventoried.

That Mrs. Beatrice Steidtman, nee Tucker, widow of the decedent, the record title holder of said property, is indebted to said estate in the amount of the actual value of said decedent's interest in said property. It ruled the administratrix into court to show cause why the dwelling and improvements on said lots should not be included in the inventory, and applied to the payment of the debts.

The administratrix appeared and excepted to the procedure by rule:

(1) On the ground that there is a non-joinder of parties defendant, the widow and heirs of the decedent being necessary parties defendant.

(2) That the subject-matter of plaintiff's petition cannot be tried and determined summarily; that the procedure by rule is improper and unwarranted in law.

(3) That plaintiff's petition contains two separate and inconsistent demands, and it. should be required to elect between them.

(4) No cause or right of action.

The lower court did not rule on the question of non-joinder, nor on the ground that the subject-matter of the petition cannot be tried summarily, etc.

It referred the exception of no cause of action to the merits, and required plaintiff in rule to elect between its demand to have the dwelling or the value of same inventoried, whereupon the plaintiff in rule elected to proceed against the administratrix, to have the value of half of the improvements placed on the inventory as a claim against the widow.

The administratrix then answered under reserve of her exceptions, denying plaintiff's averments on the subject, and averring that the dwelling and improvements on the property in question were the separate and paraphernal property of her mother, Beatrice Tucker Steidtman, and not the property of the estate of the decedent.

The administratrix is primarily the representative of the creditors of an estate and, as the aim of the rule is to affect the ownership of a dwelling erected on land of which Mrs. Beatrice Tucker Steidtman is the ostensible and record owner, she should have been made a party to the proceedings. A judgment making the present rule absolute could not accomplish anything, because she is not a party to the proceeding. We hesitate to act on the case.

However, as the lower court did not rule on the exception of nonjoinder, the situation is the same as if none had been filed. And as the administratrix put at issue the merits, and the court, acting on the merits, rejected the demand of the plaintiff in rule and the plaintiff has appealed, we have decided to consider and pass on the merits of the matter as between the parties before us.

The evidence shows that lots 13 and 14 of square 59 of the town of Ponchatoula belonged to Mrs. Beatrice Steidtman, widow of the decedent, as her separate and paraphernal property before the dwelling in question was erected thereon. The only question is whether the dwelling and improvements erected on the lots, after she had acquired title thereto, were erected and paid for by her with separate and paraphernal funds, under her administration and control, or were same erected and paid for by the community of which the decedent was the head and master.

Mrs. Beatrice Tucker Steidtman was not called on as a witness. The main witness in the matter is the administratrix, and other testimony introduced by her. According to the testimony on the subject, the dwelling and other improvements on the two lots in question were erected by her mother, with separate and paraphernal funds belonging to and under the separate administration and control of the mother.

Mr. Steidtman, the father, supervised the work of construction, the purchase and payment of the material, employment and payment of workmen, and may possibly have done some part of the work. But all the evidence on the subject indicates that all funds used in paying for the material, and in paying workmen employed in erecting the building, were furnished by the mother from her separate funds and estate, and that no part of improvements were furnished or paid for by the husband or by the community of which he was the head and master.

The evidence indicates that Mr. Steidtman and the community of which he was the head and master had no funds with which to build the house, and did not contribute anything to the work. See Dillon v. Dillon, 35 La. Ann. 92, and Kittredge v. Grau, 158 La. 154, 103 So. 723.

The lower court, acting on the merits of the case, held that the dwelling on the lots in question was the separate and paraphernal property of Mrs. Beatrice Tucker Steidtman, and did not belong to, nor form part of, the estate of Charles Frederick William Steidtman, and rejected the demand of the plaintiff in rule.

The judgment appealed from is correct.