The sole issue in this case is whether the property herein involved is community property belonging to the community which existed between the defendant, Louis Phillip Baker, and his wife, Florence Ella Baker, to whom he was married on February 27, 1901, and with whom he was living on the day the property was transferred to him by Ronaldson Puckett Co., Ltd., that is on October 21, 1902. He contends that it was his property before he was marrried to Florence Ella Baker, who is the plaintiff in this suit, and that the transfer made to him of the property, on October 21, 1902, was simply a re-conveyance of the property by Ronaldson Puckett Co., Ltd., to whom it had been previously transferred, and in whose name title had passed merely for the sake of giving security for a debt due by him.
I understand it to be conceded that the facts, assuming they were admissible in evidence, are as follows: The defendant, as long ago as the year 1890, had acquired the property. At the time he did he was married by first marriage to a woman named Georgiana Baker. He lived on the property and cultivated it and at the time dealt with the firm of Ronaldson Puckett Co., Ltd., merchants, who, besides conducting a general merchandise business, made *Page 519 
advances of supplies and money to farmers. On May 13, 1899, he was indebted in a sum, the amount of which is not certain, but which apparently was in the neighborhood of $200. As was the custom in those days, as is generally admitted, merchants carrying on such a business, instead of securing a farmer's indebtedness by a mortgage, had him transfer title of his property to them, which title they held until the indebtedness was discharged. The farmer who had thus transferred title remained in possession of his property, as owner, and paid all taxes as they became due.
Such was the arrangement between Louis Phillip Baker and Ronaldson Puckett Co., Ltd., and those were the circumstances under which a purported sale of the property was made on May 13, 1899, in which there appears a recited consideration of $150. On Oct. 21, 1902, after the defendant had become separated from his first wife and had been married to the present plaintiff some twenty months, Ronaldson Puckett Co., Ltd., who had never claimed the property, having never exercised any acts of ownership or possession over it, and who never paid the taxes on it except for account of the defendant, re-transferred the property by notarial act in which there was a stated consideration of $300 cash. The evidence is that no money changed hands at the time of either of these purported sales.
The facts can leave no doubt therefore that these transactions constituted no more than the giving of security for an indebtedness according to a custom which prevailed at that time between parties occupying the same relation these parties did. Under those facts also there can be little doubt but that the property, being the very same property which belonged to the defendant before his marriage to the present plaintiff, was his separate property or, if not, was property belonging to the community which existed between him and his first wife and it could not therefore belong to the present community as is contended on behalf of the plaintiff.
Under what I consider proper allegations made in the defendant's answer, the trial judge, over objection timely made to the offer of such proof, admitted testimony which disclosed the foregoing facts. The objection was based on the ground that the purported sale of October 21, 1902, constituted an acquisition of property by the husband, and in the absence of any declaration in the act of sale itself that he was purchasing the same as his separate estate or with funds belonging to his separate estate, the presumption that it belonged to the community then existing between him and the plaintiff herein was conclusive. The majority of the court now hold that the objection was properly urged and that the ruling of the court below was erroneous. The effect of the ruling now made is to preclude all proof that was admitted and to decide the issue strictly on the face of the act of sale of October 21, 1902.
I concur in the holding that there is a rule established in our jurisprudence (not by any provisions of the Civil Code) to the effect that in cases of purchases of property by the husband during the existence of the community, in which no declaration is made in the act of sale itself to indicate a different intention on his part, the presumption that the property belongs to the community is conclusive against him, his heirs or assigns. In the case of Kittredge v. Grau,158 La. 154, 103 So. 723, 728, this presumption is said to be one "juris et de jure." The presumption is not the same with regard to the purchases made by the wife during the marriage. On proper allegations, she may contest the status of the property even though there be no declaration of any kind in the act of sale regarding the funds with which it is purchased. I maintain however that the presumption as applied in cases of purchases made by the husband relates strictly to what are reallypurchases or acquisitions made by him, or investments of his separate funds or of proceeds from his separate funds, in the property to which he takes title. It does not apply in cases of this kind where proper allegations are made to show that taking title to the property was merely a re-transfer of his property to him after title had been placed in the name of another merely for the sake of giving security for a debt due by him, and that under sufficient allegations, proof should be admitted, as was done in this case, to the end that the true status of the property might be judicially determined.
In the case of Hall v. Toussaint, 52 La. Ann. 1763, 28 So. 304, the same contention was made regarding the status of a piece of property as is made here. It appeared from the facts in the case, all of which necessarily had to be produced from testimony dehors the act of sale, that Louis Adrien Toussaint, who died in January. 1897, had *Page 520 
been married to the defendant in the suit, in 1890, and that there were no children born of their marriage. He had owned certain property acquired by him during the community between himself and a former wife. A building standing on one of those properties burned and the insurance money which he collected was expended in buying property during the existence of the second community, that is, the one existing between himself and the defendant in the suit. The plaintiff in the case, an heir of the first community, contended that the property having been purchased with the proceeds of insurance money covering a property which belonged to the first community, and which had been destroyed by fire, properly belonged to that community. It is not shown by the reported decision if there was an objection to proof beyond the act itself, but it is somewhat significant that the court, after stating what the presumption is in such cases, states further: "It is presumed, in the absence of proofto the contrary, that the funds with which the price is paid are community funds." It strikes me that if the rule which precludes all proof, as is contended in this case, is such an inflexible rule, the court itself would have thought of it and applied it rather than make the broad statement just quoted. (Italics mine.) It evidently then went on to consider all the proof tendered as though it had been properly admitted, because in concluding that it was not sufficient, it stated that "the evidence does not rebut the presumption favorable to the community."
In the case of the Succession of Muller, 106 La. 89, 30 So. 329, 330, there was also involved the community status of property appearing in the name of the husband. There were several issues presented in the case but by agreement the appeal was restricted to the sole question as to whether or not the judgment below had correctly decreed that the plaintiff was not entitled to a community interest in the property acquired after her marriage with the decedent, as had been set forth in her petition. By stipulation it was agreed that in making the transcript of appeal which had been taken by the plaintiff, all pleadings, documents, and evidence not having application to the claim for a community interest in the property was to be omitted from the transcript. It was further agreed: "That in the event any document or portion of evidence is ommitted (sic) from the transcript which may have application to the aforesaid issue, and which the parties hereto, or their counsel, wish to supply, they shall have the right to have copies of such documents or evidence made and filed in the supreme court as part of the transcript of appeal at any time." (Italics mine.) It is thus seen that far from barring evidence which under the rule invoked in this case, should have been precluded, the parties were anxious to supply any of it that might have been pertinent to that issue. Again, the court does not seem to have observed the rule for without making any reference to it, it considered and discussed testimony which had been produced for the transcript. That is made plain by the following excerpt from the opinion: "Proceeding, then, to the question whether any of the property in controversy should be held to belong to the separate estate of the husband, we find, from the evidencein the record, that the lot on Bienville street was purchased by the decedent July 18, 1885, — eight years, and more, before his marriage, — and was beyond doubt, his separate property; but that the several pieces of property on Barracks and Claiborne streets and on St. Bernard avenue were purchased by him after the marriage, during the existence of the community, and with nothing said or done at the time to indicate that he was investing his separate funds for his separate benefit, the contrary being the case, as we have seen, so far as concerns the property on Claiborne street. Under these circumstances, according to well-settled jurisprudence, the three properties last mentioned unquestionably belonged to the community." (Italics mine.)
In every case I have been able to find in which the rule barring evidence which tended to rebut the presumption in favor of the community was enforced there was involved a transaction in which the husband was purchasing a new piece of property or reinvesting funds derived from the sale of property which he had previously owned. The transactions between the husband in the present case and his former creditors were nothing of that nature. He had merely placed the title to the property in the creditors' name for the giving of security. It would have been more satisfactory no doubt had he simply granted a mortgage. But the method followed was not unusual at the time. As a matter of fact it seemed to have been the prevailing custom among certain people. When the time came for him to take title back in his name, he had *Page 521 
no trouble whatsoever. The property was simply retransferred to him. He was not acquiring anything he did not already own, and, under the circumstances, I do not believe he should be denied the right to prove these facts under a rule, which, as I have tried to point out, did not appear to be so unrelenting even in cases of acquisition of property.
I believe that the judgment appealed from is correct, and I therefore respectfully dissent from the majority opinion in which it is decreed otherwise.