**HARANG v. UNITED STATES.**

No. 941.

District Court, E. D. Louisiana, New Orleans Division.

Sept. 27, 1946.

Lemle, Moreno & Lemle and Arthur A. Moreno, all of New Orleans, La., for plaintiff.

Herbert W. Christenberry, U. S. Atty., and Robert Weinstein, Asst. U. S. Atty., both of New Orleans, La., and Robert R. Reynolds, Jr., of Washington, D. C., for the United States.

CAILLOUET, District Judge.

Plaintiff's action is one to recover an aggregate principal sum of $11,892.45, comprising income taxes, with interest thereon, which he alleges were illegally assessed to, and collected from, him as claimed deficiency taxes by reason of a ruling of the Commissioner of Internal Revenue to the effect that for the years 1937 to 1940, inclusive, plaintiff did incorrectly report for federal income tax purposes as community property under Louisiana law, certain oil royalties income.

Trial was had on stipulated facts, and it is found from admitted pleadings and the stipulation, as follows, viz:

(1) Plaintiff, citizen of Louisiana and therein residing prior to, during, and after the aforementioned tax years, is, and was prior to 1937, a married man, between whom and his wife existed and still exists the community of acquets and gains.

(2) Prior to November 1, 1935, plaintiff inherited from his deceased father an un-

divided ⅛ right, title, share and interest in and to certain lands situated in the Parish of Lafourche, State of Louisiana; and on April 6, 1937, there was transferred to him by donation from his mother, another ⅛ interest in and to said lands and in and to all minerals therein; making him the owner of the undivided ¼ interest in and to said lands and minerals, by virtue of inheritance and donation, as aforesaid.

(3) Said mentioned lands became oil-producing property and by reason of a mineral lease, dated November 1, 1935, providing for the payment of an ⅛ oil royalty to the co-lessors, as well as by reason of an assignment to him, said plaintiff, of an overriding royalty, under date of November 5, 1935, plaintiff did receive, during the years 1937, 1938, 1939, and 1940, as income related to said aggregate undivided ¼ interest, certain oil royalties income.

(4) Said income, so derived by him from said inherited and donated property, was considered by plaintiff as all belonging to the community of acquets and gains existing between himself and his wife, and was accordingly returned by him, in due time, for income taxation as community income; and he did thereupon pay all taxes shown to be due, computed upon the one-half of said income assigned to his account.

(5) But the Commissioner of Internal Revenue, following an audit of plaintiff's income tax returns for the abovementioned four years, thereupon assessed claimed deficiency taxes as follows, viz:—$1,382.58, for the year 1937; $6,214.56, for 1938; $1,574.71, for 1939; and $527.83 for the year 1940. Such action being founded on the contention that the royalties, so derived from plaintiff's inherited and donated property, did not constitute community income but were properly to be reported as plaintiff's separate income.

(6) Protesting such deficiency assessments, but without avail, plaintiff paid the abovementioned additional taxes, plus claimed accrued interest, or a total sum of $11,892.45, in three installments; and thereafter did timely file claims for refunds covering all taxes, and interest, by him so paid, under protest; but the Commissioner rejected all of said claims.

(7) The parties agree that the controlling question to be judicially disposed of is whether the Commissioner's contention is legally justified, since if it be not so adjudged, the taxpayer's claims for refund are well-founded.

The only case, wherein definite decision has heretofore been made of similar issue as is here involved, is that of William Kirkman Gray v. Commissioner of Internal Revenue, 5 T.C. 290, which, on June 21, 1945, held that income in the form of oil royalties, bonuses, and restored depletion, resulting from oil leases relating to the separate property of a married Louisiana taxpayer were properly classed as "rents" and were community income, observing that it seemed clear to it that the decisions of the Supreme Court of Louisiana "hold, without exception, that oil royalties received under an oil lease are rents."

It is interesting to note that because, admittedly, there were included in the income at issue certain "delay rentals" under oil leases, besides "bonuses, royalties, and restored depletion", the Commissioner conceded said "delay rentals" to be community income but contended that the other revenues mentioned were not in the category intended to be referred to by the Court in Peters v. Klein, 161 La. 664, 109 So. 349, wherein it was definitely and unanimously held, with rehearing subsequently denied, as follows, to-wit:

"All collections of rents or revenues from property under the administration of a married man, during the existence of the community, belong to the community. R.C.C. art. 2402; Succession of Goll. 156 La. 919, 101 So. 263.

"Therefore it follows that all rents collected by defendant from his separate property during the marriage were community funds, regardless of the fact that these revenues were kept by him in a separate account. * * *." (Page 350 of 109 So.)

The abovementioned Peters v. Klein case was decided in 1926 and, therefore, *after* the Supreme Court had handed down its decision in Logan v. State Gravel Co., 1925, 158 La. 105, 103 So. 526, 527, that *rent,* whether called *royalty,* or by whatever

other name, "is a certain profit in money, provisions, chattels, or labor, issuing out of lands and tenements in retribution for the use."

In 1936, or ten years after the Court had decreed, as aforementioned, that "all collection of rents or revenues" by a married man from his separate property operates directly to the benefit and advantage of the community, and not to that of his separate estate, the Court then furthermore held, and unequivocally so, that payment of *royalty* under an oil and gas lease is payment of *rent;* citing the Logan v. State Gravel Co., case, amongst others, as authority therefor. Shell Petroleum Corporation v. Calcasieu Real Estate and Oil Co. et al. 1936, 185 La. 751, 170 So. 785, at page 791.

In 1940, there followed the Court's decision in Tyson v. Surf Oil Co., 195 La. 248, 196 So. 336, 342, wherein was re-emphasized the aforementioned doctrine to the effect that, under an oil and gas lease, the payment of *royalty* is payment of *rent;* the pertinent part of the opinion reading as follows, viz:

"Early in the jurisprudence of this State, this court has recognized that oil and gas leases contain elements of both ordinary leases and of sales and vest only a real right or servitude to explore therefor and reduce to possession. Rives v. Gulf Refining ·Co. of La., .133 La. 178, 62 So. 623; Nabors Oil & Gas Co. v. Louisiana Oil Refining Co., 151 La. 361, 91 So. 765.

"Nevertheless, this court, in Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46, 82 A.L.R. 1264, held, as stated in the syllabus:

" 'In oil and gas lease, payment of royalty is payment of rent, and not payment of price for oil or gas rights.

" *'Lease, under civil law, does not convey to lessee temporarily title to property leased, but conveys only right to use or enjoyment of property* (Rev.Civ.Code, arts. 2669, 2674).' (Italics ours.)

"This court has also firmly established the rule that mineral leases would be construed as leases and the codal provisions applicable to ordinary leases would be ap-

plied thereto insofar as they may be; 'Until the Legislature shall have passed laws specially applicable to the industry of mining, which is a new one in this state, the parties engaged in those pursuits and the courts of the state will adhere to the jurisprudence on the subject, and treat mineral contracts as leases.' Spence v. Lucas, 138 La. 763, 70 So. 796, 798; Logan v. State Gravel Co., 158 La. 105, 103 So. 526; Roberson v. Pioneer Gas Co., 173 La. 313, 137 So. 46, 82 A.L.R. 1264; Board of Commissioners v. Pure Oil Co., 167 La. 801, 120 So. 373."

Again, in 1941, in the cases of Robinson v. Horton and Robinson v. Schnitt, 197 La. 919, 2 So.2d 647, the Supreme Court reaffirmed its previous holding in the Calcasieu Real Estate & Oil Co. case, supra (185 La. 751, 170 So. 785, 788), that the paying of *royalty* under an oil and gas lease is the paying of *rent.*

The Government's position in this present case appears to be totally without legal basis, considering that, under Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, the law of Louisiana is to be applied, inasmuch as neither Federal Constitution nor Act of Congress governs the basic matter at issue, which is. nothing more than this, to-wit: were the Harang royalties that were derived from his separate property properly allocated by him as belonging to the community of acquets and gains existing between himself and his wife?

Therefore, in view of the foregoing, this Court's formal findings of fact and conclusions of law are:

### Findings of Fact.

1. Plaintiff Warren A. Harang duly paid, under protest, the deficiency taxes assessed against him by the Commissioner of Internal Revenue, and payment whereof was thereupon demanded of him by the Collector of Internal Revenue, at New Orleans, Louisiana; with interest at 6% per annum from the respective dates prescribed for the payment of the 1937, 1938, and 1939 and 1940 personal income taxes to the date upon which was made the assessment of each such deficiency tax.

2. He timely filed claim for refund to him of the aggregate amount of said deficiency taxes, with interest, so paid.

3. At the time of said payment, in installments, Charles A. Donnelly was Acting Collector of Internal Revenue, at New Orleans, La., but was no longer in office as Collector on October 23, 1944, when plaintiff's present action was commenced.

### Conclusions of Law.

1. Jurisdiction is vested in this Court to adjudicate herein, under Section 24 of the Judicial Code, as amended, Sec. 41(20), 28 U.S.C.A.

2. The deficiency tax assessments levied against plaintiff Warren A. Harang by the Commissioner of Internal Revenue, with reference to said taxpayer's personal income tax returns for the tax years 1937, 1938, 1939 and 1940, were illegal and so was the collection of the taxes thereunder, with interest.

3. The taxpayer is entitled to the refund of the whole aggregate amount thus illegally assessed and collected from him, with interest thereon at the rate of 6% per annum, as provided for by Section 177 of the Judicial Code, as amended, Sec. 284(b), 28 U.S.C.A.

Let judgment, therefore, be forthwith entered in consonance with the foregoing, for the full principal sum, with interest, as the same is prayed for in plaintiff's complaint.