171 So.2d 656

Succession of Edese HOLLIER.

No. 47055.

July 1, 1964.

On Rehearing Jan. 18, 1965.

Rehearing Denied Feb. 23, 1965.

Guillory, Guillory & Guillory, Isom J. Guillory, Jr., Eunice, Roland Reed, Ville Platte, for relators.

Preston N. Aucoin, Ville Platte, for plaintiff-appellee.

HAMLIN, Justice.

In the exercise of our supervisory jurisdiction (Art. VII, Sec. 11, LSA–Const. of 1921), we directed certiorari to the Court of Appeal, Third Circuit, in order that we might review its judgment which affirmed a judgment of the trial court decreeing (a) that Item 141 [1] of the inventory taken in the Succession of Edese Hollier belongs to the community of acquets and gains which existed between the decedent, Edese Hollier, and the plaintiff in opposition, Dea Aucoin Hollier, and (b) that the notary who took the inventory reclassify Item 141 of the inventory as community property instead of separate property of the decedent. 245 La. 648, 160 So.2d 231, La.App., 158 So.2d 351.

The principal issue presented for determination is whether the classification of the partnership ownership interest involved—as distinguished from the partnership profits—was properly classified as separate property of the deceased Edese Hollier, or whether same fell into and belongs to the deceased's second community.

We have carefully reviewed the record and have thoroughly studied the findings of the Court of Appeal set forth in its opinion. We conclude that it correctly and clearly treated all issues of this case, and that there is no need for repetition. We adopt the opinion of the Court of Appeal, Third Circuit, reported at 158 So.2d 351, as the opinion of this Court.[2]

---

1. "ITEM 141. A certain undivided interest, say, a 20% interest in and to the partnership of F. Hollier & Sons, which partnership is domiciled at 204 Northwest Railroad Avenue in the Town of Ville Platte, Evangeline Parish, Louisiana. That, among the assets of said partnership is contained, but not limited to, the following real estate, * * * *".

2. See, also Peters v. Klein, 161 La. 664, 109 So. 349, 350 [1], citing Kittredge v. Grau, 158 La. 154, 103 So. 723. In Peters v. Klein, the author of the instant opinion was one of the attorneys for Michael D. Klein.

For the reasons assigned, the judgment of the Court of Appeal, Third Circuit, is affirmed. The costs of this Court to be borne by relators.

SANDERS and SUMMERS, JJ., concur.

ON REHEARING

SANDERS, Justice.

We granted a rehearing in this succession proceeding to review our holding that the 20 percent partnership interest of the deceased in .F. Hollier & Sons was community property. The succession inventory classified the partnership interest as the separate property of Edese Hollier.[1] Mrs. Dea Aucoin Hollier, the surviving widow, opposed the inventory on the ground that the interest had been acquired during the marriage and belonged to the community.

The district court held that the contested item was community property, sustaining the position of the opponent. On appeal, the Court of Appeal affirmed. 158 So.2d 351. We granted certiorari to review the judgment of the Court of Appeal. 245 La. 648, 160 So.2d 231.

The case was submitted to the trial court solely on a stipulation of facts prepared by counsel. In 1928 Edese Hollier, Felix Hollier, and Rene Hollier formed a commercial partnership known as F. Hollier & Sons to operate a farm equipment and supply business in Ville Platte. Edese Hollier was then married to Mercedes Couvillion, who died on May 6, 1935. After acquiring the partnership interests of the heirs of Mercedes Couvillion, Edese Hollier married Dea Aucoin in June, 1936. The marriage continued until Edese Hollier's death on September 25, 1961. He left no children by his second marriage.

From its inception, the partnership was composed of members of the Hollier family. From time to time, additional members of the family purchased interests in the partnership, thereby reducing the interest of Edese Hollier. When the partnership was created, it was composed of three partners, Edese Hollier owning a 78 percent interest. By 1953, it was composed of eight partners, Edese Hollier's interest having been reduced to 20 percent.

In 1936 the partnership was reorganized, though the stipulation does not reflect how the reorganization was effected or whether it occurred before or after the second marriage of Edese Hollier.

1. "ITEM 141. A certain undivided interest, say, a 20% interest in and to the partnership of F. Hollier & Sons, which partnership is domiciled at 204 Northwest Railroad Avenue in the Town of Ville Platte, Evangeline Parish, Louisiana. That, among the assets of said partnership is contained, but not limited to, the following real estate, to-wit: [Here follows a description of two tracts of land located in Evangeline Parish.]

"APPRAISED BY THE APPRAISERS AT Thirteen Thousand and No/100 DOLLARS $13,000.00."

The partnership agreement was reduced to writing for the first time on January 2, 1953. Although this agreement stated that the partnership commenced on January 2, 1953, it also recited that the firm had been "in continuous existence since 1928."

The agreement fixed the investment and proportionate interest of Edese Hollier in the partnership at $13,000.00 or 20 percent. Article V of the partnership agreement stipulated:

"* * * The profits resulting from the operation of the business will be distributed in the following manner: 25% will be left in the partnership and the balance of 75% will be distributed to the partners in proportion to their interest as set out in Article II."

Article VIII of the agreement provided that the partnership would terminate on the death of a partner and fixed a period of six months for liquidation. Although a partner, James Hollier, died in 1957, the business continued to operate until the death of Edese Hollier in 1961.

The parties have stipulated that "the books of account of F. Hollier & Sons reflect that the ownership accounts and subsequent undistributed and distributed profits have been kept separate and not commingled in said books."

In the landmark case of Kittredge v. Grau, 158 La. 154, 103 So. 723, this Court held that shares of stock received by the husband during marriage from the conversion of a separate partnership into a corporation were the separate property of the husband. The Court said:

"We * * * rest our decision upon the common sense view that Kittredge acquired his capital stock, not by an actual transfer to him of something which he did not already own, but by the transformation of his interest in the partnership into an interest in the corporation. Every element that made up the value of Kittredge's 15 shares of stock in the corporation had likewise fixed the value of his fourth interest in the partnership." [2]

The Court of Appeal recognized that the Kittredge decision would apply to the transformation of the husband's separate partnership interest into an interest in another partnership. It, however, distinguished the present case on the ground that Edese Hollier invested an additional $13,000.00 in the 1953 partnership, that 25 percent of the profits were infused into the capital of this partnership, and that the undivided profits were transferred to the last partnership created after the death of James Hollier in 1957. In short, the Court of Appeal held that the partnership interest owned by Ed-

2. See also Baker v. Baker, 209 La. 1041, 26 So.2d 132.

ese Hollier at his death was not a mere transformation of the separate partnership interest that he held prior to his second marriage.

Unlike the Court of Appeal, we are unable to determine from the stipulation and attached documents that an infusion of new capital into the partnership occurred during the second marriage of Edese Hollier. It is true that Article II of the 1953 Agreement recites that the "investment" and "proportionate interest" of Edese Hollier is $13,000.00 (20%). But, when the stipulation is considered as a whole, this recital is ambiguous and may refer to the prorated value of the assets of the former partnership transferred to the new partnership. The Administrator so interprets it in his brief to this Court. He asserts that no new capital was infused into the partnership.

We cannot determine whether the successive partnership interests were merely "transformations" of the previously existing interest or whether Edese Hollier infused commuity funds into the partnerships during his second marriage. The stipulation of counsel recognizes that the Court may require additional evidence to decide the issue presented. In this Court, the Administrator has requested a remand, if additional evidence is required. We have decided that the interests of justice require that the case be remanded to the district court for the taking of evidence relevant to the nature of the partnership interest in accordance with the views that we have expressed.

For the reasons assigned, the case is remanded to the Thirteenth Judicial District Court for Evangeline Parish for further proceedings consistent with the views herein expressed. All costs of this Court are to be paid by the respondent, Mrs. Dea Aucoin Hollier, and the taxing of all other costs is to await the final determination of the case.