FRUGÉ, Judge.
The surviving widow of Edese Hollier filed an opposition to the classification of Item 141 in the inventory of decedent’s estate, basing said opposition on the ground that it was community property acquired during the existence of their marriage community, and not the separate property of the decedent as classified in the inventory.
Item 141 consists of a 20% interest in the F. Hollier & Sons commercial partnership located in Ville Platte, Louisiana.
The case was originally submitted to the trial court solely on a stipulation of facts and the district court held that the contested property was community property. On appeal to this court, the district court’s judgment was affirmed in the decision entitled Succession of Hollier, 158 So.2d 351 (rehearing denied on December 20, 1963).
The Supreme Court of Louisiana granted a writ of certiorari, and in its decision entitled Succession of Hollier, 247 La. 384, *791 171 So.2d 656, first affirmed the lower court and this court, but on rehearing was unable to determine from the stipulation and attached documents that there was an infusion of new capital in the partnership during the marriage between Dea Aucoin and Edese Hollier. The Supreme Court, by the following language, remanded the case to the district court for additional evidence to determine if there was an infusion of new capital into the partnership or merely a transformation of a prorated value of the assets of the former partnership into the new partnership:
“Unlike the Court of Appeal, we are unable to determine from the stipulation and attached documents that an infusion of new capital into the partnership occurred during the second marriage of Edese Hollier. It is true that Article II of the 1953 Agreement recites that the ‘investment’ and ‘proportionate interest’ of Edese Hollier is $13,000.00 (20%). But, when the stipulation is considered as a whole, this recital is ambiguous and may refer to the prorated value of the assets of the former partnership transferred to the new partnership. The Administrator so interprets it in his brief to this Court. He asserts that no new capital was infused into the partnership.
“We cannot determine whether the successive partnership interests were merely ‘transformations’ of the previously existing interest or whether Edese Hollier infused community funds into the partnerships during his second marriage. The stipulation of counsel recognizes that the Court may require additional evidence to decide the issue presented. In this Court, the Administrator has requested a remand, if additional evidence is required. We have decided that the interests of justice require that the ■case be remanded to the district court for the taking of evidence relevant to the nature of the partnership interest in accordance with the . views that we have expressed.
“For the reasons assigned, the case is remanded to the Thirteenth Judicial District Court for Evangeline Parish for further proceedings consistent with the views herein expressed. All costs of this Court are to be paid by the respondent, Mrs. Dea Aucoin Hollier, and the taxing of all other costs is to await the final determination of the case.”
On remand to the district court, the books of the partnership and the testimony of Phillip Hollier, the managing partner, were introduced. From the evidence introduced, the district court found that the evidence failed to show an infusion of new capital and rendered judgment declaring Item 141 (decedent’s 20% interest in the partnership) to be the separate property of the deceased, Edese Hollier:
“This Court, as well as the Court of Ap■peal, held that Item 141 was in fact community property and rendered judgment in favor of opponent. However, writs of certiorari, or review, were granted by the Supreme Court and as a result of this that court held that the case should be remanded to ascertain whether there was an infusion of new capital by Edese Hollier into the partnership when it was last re-organized in 1953, and remanded the case to this court for additional evidence. The Supreme Court relied on the case of Kittredge v. Grau, 158 La. 154, 103 So. 723. On the order of remand the Court directed this court to take evidence relevant to the nature of the partnership interest in accordance with the views expressed in the Kittredge case. The evidence adduced on the trial on remand fails to indicate any new infusion of capital, and, therefore, this Court is now bound by the expression of the Supreme Court and therefore holds that the opposition by Dea. Aucoin should be dismissed.”
From said judgment of the district court the widow of the decedent has perfected this appeal .to this court.
*792 In order for this court to affirm or reverse the judgment of the lower court declaring Item 141 to he the separate property of decedent, we must look closely to the remand order issued by the Supreme Court on its rehearing.
It is our interpretation of the remand order that the Supreme Court ordered the district court to hear evidence in order to determine if the $13,000 that Edese Hollier had in the partnership, representing a 20% ownership, on January 2, 1953, represented a new cash investment or if the $13,000 represents the prorated value of the assets of the former partnership, transferred by decedent to the new partnership. Furthermore, it is our interpretation that the Supreme Court ordered that if the $13,000 representing the 20% ownership should be proven to have been transferred from the former partnership to the new partnership, then under the jurisprudence of Kittredge v. Grau, 158 La. 154, 103 So. 723, this amount must be ruled to be the separate property of the decedent, Edese Hol-lier.
The stipulation of facts was that in 1928 a commercial partnership known as “F. Hollier & Sons” was organized by oral agreement with Felix Hollier, Rene Hol-lier and the decedent as the sole partners. At that time the decedent was married to Mercedes Couvillion, who died in 1935. Decedent then acquired the partnership interests of the heirs of his marriage to Mercedes Couvillion and married Dea Au-coin in June, 1936. The stipulation does not reflect whether or not when the partnership was organized in 1936 Edese Hol-lier, the decedent, was as yet married to his second wife, Dea Aucoin.
Since the partnership was first created in 1928 it has been reorganized several times as to the number of partners and their interests in the partnership. In 1936, for instance, the deceased, Edese Hollier, owned a 74% interest, in 1947 a 47% interest, and in 1951 a 32% interest. On January 1, 1953, decedent’s partnership equity account is shown at 20%, which represented $13,000 in assets. When the partnership was reorganized and written instruments of partnership drawn on January 2, 1953, the decedent, Edese Hollier, was still shown as owning a 20% interest, representing a $13,000 investment in the partnership assets.
However, the evidence shows without contradiction that the successive transformations of Edese Hollier’s previously existing interests in the various succeeding partnerships at no time resulted from any infusion of new capital. In each instance his initial investment, represented initially by separate funds, was merely carried over or reduced in the succeeding partnership by book entry showing either a continuation or a decrease in his previous capital equity; in no case did the successive partnership interests result from any furnishing of new funds or from any new investment by Edese Hollier.
In so affirming the district court’s judgment declaring Item 141 to be the separate property of the decedent, we must note that it is our opinion that the district court correctly interpreted the remand order directed to it by the Supreme Court, and our opinion is based solely on the correct interpretation of the district court in so following said remand order.
The judgment of the district court is thus affirmed, costs of this appeal to be paid by the widow of Edese Hollier.
Affirmed.