HOOD, Judge.
This is a petitory action instituted by Mrs. Dea Aucoin Hollier against Mrs. Dorothy Hollier Fontenot and Joseph Drake Hollier, the latter being a minor represented by his natural tutrix, Mrs. Betty Jane Soileau Guillory. The suit affects and relates to property in Evangeline Parish, Louisiana. The defendants filed an exception of res judicata, and after trial, judgment was rendered by the trial court maintaining that exception and dismissing plaintiff’s suit. Plaintiff has appealed.
The record shows that Edese Hollier married Mercedes Couvillion some time prior to 1925, and that as a result of that union two children were born: James Clifton Hollier and Dorothy Hollier (now the wife of Leo Fontenot). Mrs. Mercedes Couvillion Hollier died in 1935, and in June, 1936, Edese Hollier married the plaintiff in this suit, Mrs. Dea Aucoin Hollier. No children were born of this second marriage.
James Clifton Hollier, one of the children of Edese Hollier, died in 1957, leaving as his sole survivor his widow, now Mrs. Betty Jane Soileau Guillory, and a son, Joseph Drake Hollier, who was born in *602 1956. Mrs. Guillory has been appointed as the natural tutrix of her minor son.
Edese Hollier died on September 25, 1961, leaving as his sole survivors his widow, his daughter and his grandson, all of whom are named hereinabove. His succession was opened, and in due course an inventory was made of the property belonging to his estate. All of the property listed in that inventory is classified as being “Community Property,” except one item, designated as “Item 141,” which is listed and classified in the inventory as being “Separate Property” and “Movables.” Item 141 is described in the inventory as follows:

ITEM 141.

“A certain undivided interest, say, a 20% interest in and to the partnership of F. Hollier & Sons, which partnership is domiciled at 204 Northwest Railroad Avenue in the Town of Ville Platte, Evangeline Parish, Louisiana. That, among the assets of said partnership is contained, but not limited to, the following real estate, to-wit:
“TRACT A. Two (2) certain lots or parcels of ground located in Evangeline Parish, Louisiana in the Northwest Quarter (NW %) of Section 27, Township Four (4) South, Range Two (2) East, in the Alcius Fuselier Subdivision No. 1 as per plat made by A. J. Curole, C.E. and Surveyor on November 7, 1955. (Formerly Lot 45-11.7 acres of Plat D to Subdivision of Estate of Ernest E. Or-tego dated August 29, 1951.
“Being more particularly described as Lots Nos. 1 and 2 of Block 6 of said Alcius Fuselier Subdivision No. 1.
“Lot No. 1 is described as beginning at a point at the intersection of Phyllis and Etienne Streets, thence 67.5 feet in a Southeasterly direction along Etienne Street; thence South 142 feet; thence West 60 feet; thence North 171.7 feet to point of beginning.
“Lot No. 2 is described as beginning at a point 67.5 feet along Etienne Street from the intersection of Etienne Street and Phyllis Street, thence in a Southeasterly direction 67.5 feet; thence South 112 feet; thence West 60 feet, thence North (along Lot No. 1) a distance of 142 feet to point of beginning.
“Being part of the same property acquired by Alcius Fuselier on November 24, 1951, from Estate of Ernest E. Ortego by deed filed in Conveyance Book B-116 page 75 et. seq., records of Evangeline Parish, Louisiana. Being the same property which F. Hollier & Sons acquired from Alcius Fuselier on November 30, 1956 by act recorded as Original Act No. 170960, in Conveyance Book B-140 at page 315 of the records of the Clerk of Court of Evangeline Parish, Louisiana.
"TRACT B. A certain tract or parcel of land, together with all buildings and improvements thereon, situated in the Town of Ville Platte, in Evangeline Parish, Louisiana; said tract of land being more particularly described as being Lots 1, 2, 3, 4, 5, and 6 of Block 15 of the W. D. Haas Addition to the Town of Ville Platte in Evangeline Parish, Louisiana; said lots constituting all of Block 15 of said subdivision; said lots being bounded, now or formerly, as follows, to-wit: On the North by Second North Street, on the South by First North Street, on the East by West Railroad Avenue, and on the West by the Estate of Joseph Labas and the property of Mrs. J. W. Landreneau, each of said lots having a frontage of 50 feet on West Railroad Avenue by a depth of 150 feet running between parallel lines; said property being the same property which was acquired by F. Hollier & Sons from the Louisiana Central and Improvements Co. Ltd. on August 31, 1944, by act recorded as Original Act No. 85279 in Conveyance Book B-70 at page 150 of the records of the Clerk *603 of Court of Evangeline Parish, Louisiana.”
Mrs. Dea Aucoin Hollier, the surviving widow of the decedent, filed an opposition to the inventory which was made in that succession proceeding, and in that pleading she prayed for judgment decreeing that all of the property left by the decedent, including Item 141, belonged to the community which formerly existed between her and the decedent. After trial, judgment was rendered by the trial court decreeing that Item 141, as listed in the inventory, belonged to the community which existed between Mrs. Hollier and the decedent. An appeal was taken to this court and after a hearing we affirmed the judgment of the trial court. See Succession of Hollier, 158 So.2d 351 (La.App. 3d Cir. 1963).
The Supreme Court granted a writ of certiorari, and after the case was argued that court affirmed the judgment which we had rendered. A rehearing was granted, however, and thereafter the Supreme Court rendered judgment remanding the case to the trial court for the purpose of receiving additional evidence on the question of whether there had been an infusion of new capital into the partnership during the second marriage of Edese Hollier. See Succession of Hollier, 247 La. 384, 171 So.2d 656 (1965).
After the case was remanded, another trial was held and the district judge concluded that the evidence failed to show that there had been an infusion of new capital into the partnership. He rendered judgment, therefore, rejecting the demands of Mrs. Hollier and dismissing her opposition to the inventory. An appeal was taken to this court, and a majority of this court affirmed the judgment of the trial court. See Succession of Hollier, 184 So.2d 790 (La.App. 3d Cir. 1966). Plaintiff applied for writs of certiorari or review, but that application was denied by the Supreme Court. See Succession of Hollier, 249 La. 203, 186 So.2d 160 (1966).
The judgment which eventually was upheld and which has become final as a result of all of the above described litigation merely rejected Mrs. Hollier’s demands and dismissed her opposition to the inventory, all at her costs. However, the real issue which was determined by that judgment was that the 20 percent interest which Edese Hollier owned in the partnership of F. Hollier & Sons at the time of his death belonged to his separate estate, and that it did not belong to the community which existed between him and his surviving widow. No issue was ever presented to or considered by the courts in that litigation as to whether the two tracts of land described in Item 141 of the inventory were owned by the partnership or by the individuals who composed that partnership.
In the instant suit, which was filed two days after our last decision was rendered in these matters (184 So.2d 790), Mrs. Hollier alleges that she is the owner of an undivided one-half interest in property which she describes in Article 1 of her petition. The description contained in that article of the petition is identical with the description of Item 141, as it appears in the inventory which was made in the Succession of Edese Hollier, deceased. It begins with the words: “ITEM 141. A certain undivided interest, say, a 20% interest, in and to the partnership of F. Hollier & Sons * * *” The description then continues by reciting that “among the assets of said partnership is contained, but not limited to,” two tracts of land which are specifically described therein and designated as Tract A and Tract B, the entire description contained in Article 1 of the petition being the same description as that which we have quoted above in this opinion.
Defendants, in support of the exception of res judicata filed by them, argue that the issues presented here have been determined and adjudicated, and that plaintiff thus is barred from maintaining the *604 instant suit. They argue that “It is apparent that the thing demanded is Item 141, which is the partnership interest, inclusive of the real estate,” that plaintiff is attempting to relitigate the same issue by labeling the present suit as a petitory action, and that “the present proceeding is a subterfuge to escape the operation of a final judgment.” Plaintiff contends that she is not claiming an interest in the partnership, but that in this suit she is claiming only an interest in the two tracts of land, hereinabove described, and thus that the thing demanded here is different from that which was demanded in the earlier proceedings.
Article 2286 of the revised Civil Code provides:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.”
As we have already noted, the “thing demanded” in the litigation which preceded this suit was a 20 percent interest in the partnership of F. Hollier & Sons, and it was finally decreed in those proceedings that the decedent’s interest in that partnership belonged to his separate estate.
In the instant suit, the allegations contained in Article 1 of the petition, considered alone, indicate that plaintiff in this suit is claiming an interest in the partnership, and not in the land. It appears from that article alone, therefore, that plaintiff is demanding the same thing as was demanded in the earlier litigation. In our opinion, however, the allegations contained in the remaining articles of the petition show clearly that plaintiff in this suit is not seeking a judgment decreeing her to be-the owner of an interest in the partnership, but instead that she is claiming only an interest in the two tracts of land described in Article 1 of the petition. Articles 3 to 6, inclusive, of the petition read as follows:
“3. The hereinabove property was purchased while the late Edese Hollier was living and while he was married to petitioner, in the name of ‘F. Hollier & Sons’, a commercial partnership, on the dates hereinabove set forth in allegation one.
“4. When ‘F. Hollier & Sons’, a commercial partnership, purchased the aforesaid real estate, the partners of said commercial partnership became co-owners of the real estate, because a commercial partnership cannot purchase real estate. If it does, the partners become co-owners in indivisión of the real estate.
“5. In the two Acts of Sale referred to in Allegation one hereinabove, the ‘DOUBLE DECLARATION’, i. e., a) that the property was bought with the late Edese Hollier’s separate funds and, b) that the purchase was for his individual account, does not appear in either of the said deeds.
“6. Therefore, since there is no double declaration in either of the deeds made by the late Edese Hollier, then there is an UNREBUTTABLE PRESUMPTION that the late Edese Hol-lier’s interest in this property (i. e., 20%) is COMMUNITY PROPERTY.”
The term “hereinabove property,” as used in Article 3 of the petition, obviously refers to the two tracts of land above described rather than to an interest in the partnership, because plaintiff’s deceased husband could not have purchased an interest in the partnership in the name of the partnership, and the “dates” set forth in the petition are the dates of the deeds to those two tracts of land. In order to give meaning to Article 3 of the petition, the first article must be construed as alleging that plaintiff is the owner of an *605 interest in the two tracts of land therein described, rather than an interest in the partnership.
In Article 4 of the petition the use of the terms “aforesaid real estate” and “real estate,” clearly indicates that the demand in the instant suit is for real estate and not an interest in the partnership.
The only logical interpretation which can be given to Article 5 of the petition, where the word “property” is used in connection with the terms “two Acts of Sale” and “deeds,” is that the property therein referred to is the real estate described in Article 1 of the petition.
Article 6 of the petition also shows that in this suit plaintiff intended to claim an interest only in the two tracts of land hereinabove described, since the article refers to the “deeds” which affect “this property.”
Article 865 of the Louisiana Code of Civil Procedure provides that “Every pleading shall be so construed as to do substantial justice.” And, Article 5051 provides that “rules of procedure implement the substantive law and are not an end in themselves.” The modern trend is toward the liberal construction of pleadings so that the ends of justice may be served, rather than technical niceties. Harsh rules of pleading are not favored, and each pleading must be reasonably construed so as to afford the litigant his day in court and to do justice. Succession of Smith, 247 La. 921, 175 So.2d 269 (1965); Capuder v. Misko, 177 So.2d 592 (La.App. 3d Cir. 1965).
In spite of the fact that Article 1 of the petition, considered alone, indicates that plaintiff is claiming to be the owner of an interest in the partnership, we think a reasonable construction of the petition as a whole indicates that plaintiff is seeking to be recognized as the owner of an undivided interest in the two tracts of land, described in the petition and identified as Tract A and Tract B, and that she is not claiming an interest in the partnership of F. Hollier & Sons. The “thing demanded” in the instant suit, therefore, is an interest in the land, whereas the thing demanded in the prior litigation was an interest in the partnership. Our conclusion is that the thing demanded here is not the same as that which was demanded in the earlier litigation.
Defendants argue, however, that even though the instant suit should be construed as a petitory action, involving the title to the above described real property rather than an interest in the partnership, nevertheless the judgment which became final in the prior litigation determined the ownership of these tracts of land, and thus plaintiff is barred from relitigating that issue. They take the position that the final judgment heretofore rendered, determining in effect that Item 141 belonged to the separate estate of the decedent, necessarily carries with it a final decree that the land which was included in the description of Item 141 also belongs to his separate estate. And they argue that all of the issues raised in this suit, including the issue of whether the real estate is community property, were considered and determined in the earlier proceedings.
In the instant suit issues are raised as to whether the two tracts of land herein-above described are owned by the partnership or by the individual partners, and whether the partnership, in fact, can legally acquire and own real property. If it should be determined that either or both of these tracts are owned in indivisión by the partners, individually then a further issue is raised as to whether the interest in the land which was owned by Edese Hollier at the time of his death belonged to his separate estate or to the community. Our review of the records indicates that none of these issues were ever before us in the prior litigation. In the first opinion which we rendered relating to the ownership of Edese *606 Hollier’s interest in the partnership, we specifically held that issues relating to the title to these two tracts were not before us, and that we were expressing no opinion as to the ownership of the lane. In that connection we said:
“In our opinion these issues relating to the title to these two tracts of land are not before us. They were not raised in the pleadings, and the necessary parties for such a determination are not before the court. It may be, however, that these questions have become moot in view of our conclusion that the decedent’s interest in the partnership, regardless, of what property or assets may be owned by such partnership, belongs to the community which existed between him and the opponent herein. We express no opinion, therefore, as to the title to the two tracts of land hereinabove mentioned.” (La.App., 158 So.2d 351, 359.) (Emphasis added.)
We have examined the records of all of the prior litigation, as well as the decisions rendered by this court and by the Supreme Court, and we find that no determination was made in this prior litigation as to the ownership of the two tracts of land which are hereinabove described. We do not interpret the decision of the Supreme Court (reported at 247 La. 384, 171 So.2d 656) as reversing or modifying our earlier holding that “issues relating to the title to these two tracts of land are not before us.”
We also note, and attach some significance to the fact, that all of the parties to this suit joined in a petition filed on October 15, 1963, in the proceeding entitled “Succession of Edese Hollier,” No. 3199 of the Probate Docket of the Thirteenth Judicial District Court, Evangeline Parish, praying for a judgment recognizing them as survivors and heirs of the decedent, and as such placing them in possession of all of the property left by him, except Item 141 which was then in litigation. In Article 20 of that petition the petitioners alleged specifically that Item 141 “is a 20% interest in and to the partnership of F. Hollier & Sons.” The same allegation was contained in the prayer of that petition. And, in the judgment which was rendered by the district court it is recited that “Item 141 of the Evangeline Parish inventory, which is a twenty (20%) percent interest in and to the partnership of F. Hollier & Sons is in litigation.”
The allegations contained in that joint petition and the statement contained in the judgment of the district court rendered in response to that petition indicate that the petitioners, including the defendants in the instant suit, interpreted Item 141 as describing only a 20 percent interest in the partnership. In view of the prior litigation, it is clear that the plaintiff, Mrs. Hollier, has no interest in any property which may be owned by the partnership. But it seems equally clear to us that she has the right to seek a judgment determining whether the partnership owns or does not own a specific piece of property in which she claims an interest.
We think the judgment which became final in the earlier proceedings determined only that the 20 percent interest in the partnership of F. Hollier & Sons, owned by Edese Hollier at his death, belongs to the separate estate of said decedent. No determination was made in that judgment as to the ownership of the two tracts of land which are hereinabove described. The instant suit is a petitory action affecting only those tracts of land, the plaintiff alleging that she is the owner of an undivided interest in said tracts. The thing demanded in this suit, therefore, is not the same as that which was demanded in the earlier proceeding, and the demand in the instant suit is not founded on the same cause of action. Our conclusion, therefore, is that the exception of res judicata filed by defendants is without merit, and that the trial judge erred in maintaining that exception.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered in favor of *607 plaintiff and against defendants overruling the exception of res judicata filed by said defendants. The case is remanded to the district court for further proceedings in accordance with the views herein expressed. The costs of this appeal are assessed to defendants-appellees.
Reversed and remanded.