C. E. Wilcox *v.* S. Henderson,
and
Matters in the Succession of H. A. S. Mussenden.

The husband need not personally superintend the cultivation of the wife's plantation, held by her as paraphernal property.    He may act through an agent, and the fruits will fall into the community, and be liable for the debts of the community.    C. C. 2372, 2371.    The fruits hanging by the roots on the hereditary or proper lands of either the husband or the wife, at the time of the dissolution of the marriage, are equally divided between husband and wife, or their heirs, (2876,) and the community must bear the charges of cultivation and other incidental expenses.

APPEAL from the District Court of East Baton Rouge, *Burk*, J.
*G. S. Lacey*, for plaintiff.    *J. M. Elam*, for defendant and appellant.

Slidell, C. J.    Under the facts of this case, we consider it clear that the Forest plantation, which was the paraphernal property of Mrs. *Mussenden*, was under the administration of the husband.    This results clearly from the testimony of *Montgomery*, the accounts kept by his house, the control exercised by *Mussenden* over the proceeds of the crops.    The circumstance that *Mussenden* did not personally superintend the cultivation of the plantation, but acted through an agent, seems to us immaterial.

Note.—This and the preceding case were decided by the former Supreme Court and referred to auditors, to state an account in conformity to the principles laid down in the decree.

The husband then having the administration of the wife's paraphernal property, its fruits fell into the community.   Civil Code, 2371.

These fruits are consequently liable for the debts of the community.   Civil Code, 2372.

An attempt is made in argument to distinguish that portion of the crop of 1841, which may be considered, it is said, as having been produced before *Mussenden's* death (June, 1841,) from that portion subsequently produced.

In other words, it is said, that the crop might be considered as one-third more at his death, and no part of the other two-thirds should fall into the community.

This proposition is refuted by the 2376th Article of the Code, which provides, that " the fruits hanging by the roots on the hereditary or proper lands of either the husband or the wife, at the time of the dissolution of the marriage, are equally divided between husband and wife, or their heirs."

These fruits being considered as falling into the community, it must of course bear the charges of cultivation, and other incidental expenses.

Whether as regards other persons, creditors of the community, the renunciation of Mrs. *Mussenden* would be deemed inoperative, and she could be treated as an intermeddler, is a question which we need not determine.   Considering the relations which existed between *Henderson* and Mrs. *Mussenden*, her youth and inexperience, the complete moral control which he exercised over her, his participation or acquiescence in her conduct, all which appear to have forcibly impressed the mind of the District Judge, we are not disposed to disregard his conclusion, that Mrs. *Mussenden* was not liable towards *Henderson* for the community debts, either by an implied acceptance as surviving wife, or as an intermeddler.

She is, however, charged with such portion of the property or funds of the community, as she has received and converted to her own use.*

---

* this opinion having been delivered, an order referring to auditors was made.—REP.