**BURGLASS v. UNITED STATES.**
**Civil Action No. 1641.**

District Court, E. D. Louisiana,
New Orleans Division.
April 12, 1948.

Edward Rightor, of New Orleans, La., for plaintiff.

T. L. Caudle, Asst. U. S. Atty. Gen., A. D. Sharpe and L. F. Cooper, Sp. Asst. Attys. Gen., and Robert Weinstein, U. S. Atty., of New Orleans, La., for defendant.

DAWKINS, District Judge.

This case has been submitted upon a stipulation of facts, and presents the sole issue of whether or not the income from the trust created by the father of the plaintiff, of which the latter was one of the trustees, for the benefit of all four of the surviving children, fell into the community existing between claimant and his wife, or belonged to and was subject to income taxation in its entirety against his separate interest.

By last will, the father, Abe Burglass, created the trust, for the maximum period of ten years under the Louisiana law, naming plaintiff and a brother, together with a third unrelated individual, as trustees. For the taxable year, 1942, the trust was administered jointly by the trustees. Plaintiff returned the income received from the trust as belonging to the community between him and his wife for which he charged himself with one-half interest instead of the whole. This was disallowed, the tax paid as claimed by the Government upon the whole, under protest, and refund having been denied, this suit is for the excess over what he claims was due, if the matter had been treated as income of the community.

The question must be determined by a proper interpretation of Articles of the Louisiana Civil Code, including Articles 2402 and 2406, quoted:

"Property forming community—Personal injuries to wife.—This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by pur-

chase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. But damages resulting from personal injuries to the wife shall not form part of this community, but shall always be and remain the separate property of the wife and recoverable by herself alone; 'provided where the injuries sustained by the wife result in her death, the right to recover damages shall be as now provided for by existing laws.'" Dart's Code, 2d Ed., and a authorities cited in footnotes.

"Dissolution of marriage—Division of community.—The affects which compose the partnership or community of gains, are divided into two equal portions between the husband and wife, or between their heirs, at the dissolution of the marriage; and it is the same with respect to the profits arising from the effects which both husband and wife brought reciprocally in marriage, and which have been administered by the husband, or by husband and wife conjointly, although what has been thus brought in marriage, by either the husband or the wife, be more considerable than what has been brought by the other, or even although one of the two did not bring anything at all." Dart's Code, 2d Ed., and authorities in footnotes.

■ All property acquired and received by either spouse, during the marriage, is presumed prima facie, to belong to the community, but this presumption is overcome by proof to the contrary. Here, it is conceded that the property placed in trust for plaintiff and his co-heirs belonged to their separate estates, or fell into the class called by the Code paraphernal. Respondents contend, therefore, that the issue turns on the point as to whether plaintiff had "the administration and enjoyment either of right or in fact," of the "effects," meaning property or funds, committed to the trust. In the absence of specific bequest, not to exceed the disposable portion of his estate by the father, the plaintiff, and his co-heirs became the owners in indivision by operation of law at the instant of his death. Le Mort Saisit le Vif. Dart's

La.C.C., 2d Ed., Art. 940, and authorities in footnotes. In this instance, that ownership was transmitted, subject to the terms of the trust imposed by the testator for the limited period of ten years prescribed by the law.

A test of whether the profits or fruits from the trust, which were received by the husband, during its existence, would have been afforded, had he died before it terminated, after accumulation of funds therefrom, in the disposition or division of those funds, with respect to creditors and between his children and the wife, had she survived him, and with respect to the rights therein of any children by a former marriage, had such existed. Here, of course, the wife died first and the children were all issue of one union.

■ As to creditors, while the wife is liable for her share of the community debts alone, to the extent of her community interest, the husband and his separate estate are bound to pay community debts, if there be insufficient community assets for that purpose. Louisiana Civil Code, Articles 2409; Hawley v. Crescent City Bank, 26 La.Ann. 230. But it is "the profits arising from the effects which both husband and wife brought reciprocally in marriage, and which have been administered by the husband, or by husband and wife conjointly" only, which are divided equally between them and their heirs at the dissolution of the community. Here, the husband did not bring the effects (that is, the principal of the estate) "into the community," but they were placed in trust, from which only the profits were received by him as previously stated.

■ A further distinction between the rights of husband and wife, with respect to the fruits of their separate property, is found in Article 2407 of the Civil Code, wherein it is stated that:

"Fruits hanging by the roots on the lands belonging separately to either the husband or the wife, at the time of dissolution of the marriage, are equally divided between the husband and wife or their heirs. This is the same with respect to the young of cattle yet in gestation."

But:

"The fruits of the paraphernal effects of which the wife reserved to herself the enjoyment, are excepted from the rule contained in this article." Wilcox v. Henderson, 9 La.Ann. 347; Harrell v. Harrell, 12 La.Ann. 549; In re Jones 41 La.Ann. 620, 6 So. 180.

The management of the community property or any other besides her "paraphernal effects" (mentioned in Art. 2407) by the wife is "conjointly with her husband"; whereas, the sole management by the husband of either the community property or the "effects which both husband and wife brought reciprocally in marriage * * *" causes such fruits to fall into the community. The reason for this, no doubt, is that, as just pointed out, he and his separate estate are unqualifiedly responsible for community debts while the profits from the wife's paraphernal property escape liability for community debts, and become part of her separate estate for transmission to her heirs, if she reserves to herself their enjoyment independently of the husband. Rents collected by the husband on his separate property during marriage, even though kept in a separate account, fall into the community. Peters v. Klein, 161 La. 664, 109 So. 349. If the property committed to the trust in this case had been inherited in indivision with his co-heirs by the plaintiff and he and they together had administered it, resulting in revenues or income, which they divided according to their respective interests, his share none the less, would have been profits or fruits from his separate property, including any rents arising therefrom. He would have had the administration, not exclusively, but jointly with his co-heirs. In the present case, as previously pointed out, the title or ownership of the property in trust here was vested in the heirs at the death of the father, subject only to the limited trust. Plaintiff's management or administration under the trust can not be distinguished from one where the heirs might have, by agreement, continued the ownership in indivision and managed or administered it jointly. The law, Article 2402 of the Code, does not say that fruits or profits of the separate estate fall into the community *only* when administered *exclusively* by the husband. On the contrary, "the profits arising from the effects * * * which have been administered by the husband, or by the husband and wife conjointly" form a part of the community "at the dissolution of the marriage * * *." There would, therefore, seem to be no more reason for their acquiring this status when administering conjointly with the wife than with his co-trustees. His administration was as exclusive as the circumstances permitted, and in view of the other provisions of the Code in pari materia, heretofore cited, and their interpretation by the Supreme Court of the State in the cases above referred to, especially the rule that his separate estate and its revenues are liable for community debts. My conclusion is that such revenues or profits as those which arose from the trust in this case belonged to the community, to such extent, that had he died before it ended, they would have formed part of the community between plaintiff and his wife, to be divided between those lawfully entitled thereto.

The long and involved findings of fact and conclusions of law requested by the Government appear to me to be unnecessary, since there is no dispute as to the facts, and the conclusions are sufficiently stated in the opinion and will be reflected in a decree.

The plaintiff should recover.